F. G. McMullen, *Plaintiff in Error*, vs. A. N. Hoofnagle *Defendant in Error.*

142 So. 598.

Division A.

Opinion filed June 16, 1932.

Petition for rehearing denied August 10, 1932.

*Baxter Goodlett* and *G. P. Garrett,* for Plaintiff in Error;

*Nottingham & Denison,* for Defendant in Error.

Per Curiam.—In this case an action was brought on a note. A plea of set-off and a plea of payment were filed upon which issue was joined. Other pleas were filed, but it appears from the record that the issues presented by the plea of set-off and the plea of payment were the issues upon which the case was tried.

The verdict resulted in favor of the plaintiff for an amount for which we can find no basis in the record. The plea of set-off was substantially proven. The plea of payment was not proven. There was some proof to the effect that the defendant, prior to the institution of the suit, had agreed to transfer and deliver certain shares of stock in a certain corporation to the plaintiff in satisfaction of the note and that the plaintiff had agreed to accept an assignment of these shares of stock in satisfaction, but there was no proof that the stock was ever transferred and delivered to the plaintiff, or that the plaintiff ever received anything of value in payment of the note.

The record shows that the shares of stock which defendant agreed to assign to plaintiff in satisfaction of the note were at the time of the agreement (and so far as the record shows at all times thereafter) hypothecated with a bank to secure a loan from the bank to the corporation and the defendant had no control over such stock and could not cause it to be delivered to plaintiff.

The judgment was in favor of the plaintiff against the defendant for a sum much less than the amount of the claim after deducting the amount of the set-off. Defendant is plaintiff in error here, but, since the error complained of is shown by the record to have been in his favor, he cannot be heard to complain and the judgment should be affirmed. It is so ordered.

Affirmed.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, J., concurs in the opinion and judgment.

TERRELL AND DAVIS, J.J., dissent.

DAVIS, J. (Dissenting).—It seems to me that a jury's verdict in a suit ex contractu, which is not reconcilable with *any* theory of the case advanced by either plaintiff or defendant, is subject to being set aside on motion of *either* party dissatisfied with it.

The majority opinion admits that there is no basis for the verdict in the record. This Court has held that where a verdict is founded upon a misapplication of the facts, a new trial should be granted. Fla. Fire etc. Ins. Co. vs. Hart, 73 Fla. 970, 75 Sou. Rep. 528. Juries do not obtain a roving commission to render their verdict in haphazard fashion, nor should trial on appellate courts sustain verdicts so rendered, when *either* party to a verdict which finds no support in the record, objects to it. To do so in this case is for this Court to indulge in an unwarranted guess as to what the jury may have intended, when the best evidence of that intent should have been

expressed in their verdict. I think a new trial should have been granted to either party who applied for it.