DANIA LUMBER & SUPPLY CO. v. JACK SENTER, *et al.*

152 So. 2.
Division B.
Opinion Filed December 22, 1933.
Rehearing Denied January 15, 1934.

*Newman T. Miller* and *C. E. Farrington, E. W. & R. C. Davis, Wm. C. Hodges* and *Waller & Pepper,* for Plaintiffs in Error.

*Dunbar H. Johnson, Jr.,* for Defendants in Error.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the circuit court be, and the same is hereby affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., and HUTCHISON, Circuit Judge, concur.

DAVIS, C. J. (concurring).—Section 4367, C. G. L., 2700 R. G. S., gives parties to trials the right to except to any erroneous charge *given* by doing so at the first time in a motion for a new trial. The statute supersedes the old rule on the subject of exceptions to charges which were required to be made *at the time* charges were given. I concur in affirmance because I think the error in a charge given to the effect that plaintiff could recover for their "alleged" as distinguished from their "proven" damages was cured by the charge as a whole, which charge as a whole was not misleading.

## ON REHEARING.

PER CURIAM.—A rehearing is applied for. The action is by husband and wife to recover damages for personal injuries and loss of an automobile in a collision on a public highway. Trial was had on the first, third and fifth counts of the amended declaration. The first count is by the husband for his loss of his wife's services, company and consortium, and for his expenses due to injuries to his wife. To this count there were pleas of not guilty, contributory negligence and a denial of the injury as alleged. The third count is by the husband for his injuries with consequent

expenses and losses, and the loss of his automobile.  Pleas were the same as to the first count.  The fifth count is by the wife joined by her husband to recover for her injuries. A plea of not guilty was interposed.

It appears that as the plaintiffs were going north on the east side of the highway, the defendant's loaded truck was coming south on the west side of the road.  Another car was parked on the west side of the road.  When the plaintiffs approached the point where the parked car was, the defendant's truck going south came around the parked car to the east side of the road and collided with the plaintiff's car going north, causing the injury.  The plaintiffs were on the right side of the road going north, and though they saw the defendant's truck coming south, they, being on the proper side of the road, had a right to assume that the driver of the truck coming south on the west side of the road would not pass around the parked car to and upon the east side of the road so as to collide with the plaintiff's car approaching from the south.

Apparently the injury was proximately caused by the driver of the defendant's truck, who, in passing around the obstructing car, drove the truck to and upon the east side of the road where the plaintiff's car properly was, going in the opposite direction.

Even if the charge given, that should the plaintiffs *establish* the material allegations of *either* count of the declaration *by a preponderance, of the evidence,* you are authorized to find a verdict in favor of the plaintiffs for their *alleged* damages, be technically incorrect, the verdict in favor of the *plaintiffs* for $5,000.00 is not materially erroneous in form, since husband and wife are the plaintiffs and payment to them would discharge the judgment without reference to

the apportionment of the amount of the verdict rendered under the three counts of the declaration.

The evidence does not show contributory negligence of either plaintiff as against the verdict rendered. Nor is the verdict excessive in view of the evidence under the three counts of the declaration.

Rehearing denied.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.