66 So.2d 684 (1953)
HIGBEE et ux.
v.
DORIGO.
HOTEL RUNNYMEDE, INC.
v.
DORIGO.
Supreme Court of Florida, Division A.
July 28, 1953.
*685 Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellants.
Padgett & Teasley, Miami and Durward DeMar, Fort Lauderdale, for appellee.
SEBRING, Justice.
These appeals are brought by the plaintiffs below from judgments entered in personal injury actions growing out of the collision of two automobiles on the public highway.
Everett J. Higbee was driving a car owned by Hotel Runnymede, Inc., a New Jersey corporation. Carolyn R. Higbee was riding as a passenger in the front seat of the car which her husband was operating. One Werner Dorigo negligently drove his car into the rear of the car being driven by Higbee.
Higbee and wife sued Dorigo to recover damages for physical injuries. Hotel Runnymede, Inc., sued to recover damages for damage to the automobile. The cases were consolidated for trial.
After the evidence was in and the jury had been charged in respect to the applicable law of the case, the trial judge submitted various printed forms to the jury for use by them in registering their verdicts.
In due course the jury returned into open court with the following verdict in the case of Hotel Runnymede, Inc., v. Dorigo:
"We, the Jury, find for the plaintiff Hotel Runnymede, Inc., a New Jersey Corporation, and against the defendant Werner Dorigo, and assess its damages in the sum of 800.00 Dollars."
In the case of Higbee and wife v. Dorigo, the jury returned the following verdicts:
"We, the Jury, find for the plaintiff Everett J. Higbee and against the defendant Werner Dorigo, and assess his damages in the sum of $750.00 Dollars; we further find for the plaintiff Carolyn R. Higbee and against the defendant Werner Dorigo, and assess her damages in the sum of None Dollars * * *;" and
"We, the Jury find for the defendant Werner Dorigo in the case of Carolyn R. Higbee v. Werner Dorigo * * *."
No objection was made by either party to the form of the verdicts returned in the case of Everett J. Higbee and Carolyn R. Higbee v. Werner Dorigo. Therefore, any defect as to form was waived; and inasmuch as there is evidenced a plain intention on the part of the jury that Mrs. Higbee should have no recovery, or that no damages allowed plaintiffs in the suit should be apportioned to her claim, we think that the verdicts must be considered as constituting a sufficient predicate for the rendition of the judgment in favor of the plaintiffs for $750 and costs. See Atlantic Coast Line R. Co. v. Price, Fla., 46 So.2d 481; Dania Lumber & Supp. Co. v. Senter, 113 Fla. 332, 152 So. 2.
As to the proposition that the uncontroverted evidence required the return of a verdict of a very considerable sum in favor of Mrs. Higbee, we think that from the testimony given by this plaintiff the jury had the right to believe that such injuries as she allegedly received in the collision were of such an inconsequential nature that she should have no recovery, or that no useful purpose would be served by apportioning any damages to her claim. Compare Dania Lumber & Supp. Co. v. Senter, supra.
While we entertain the view that in the actions brought by Hotel Runnymede, Inc., and Everett J. Higbee, larger verdicts than were returned could have been justified *686 on the evidence, the question of damages is one lodged in the sound discretion of the jury within reasonable bounds, and the findings of a jury in respect to damages will not be disturbed by this Court unless it plainly appears that the verdict was induced by prejudice or passion or some misconception of the law or evidence, or that the jury failed to consider all the elements of the damages involved or the issues submitted. Bulmer v. Strawn, Fla., 53 So.2d 315; Radiant Oil Co. v. Herring, 146 Fla. 154, 200 So. 376.
The judgments appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.