98 So.2d 752 (1957)
Lawrence BOWSER, Appellant,
v.
Charles HARDER and Mary Kathleen Harder, Appellees.
No. 116.
District Court of Appeal of Florida. Second District.
November 27, 1957.
Rehearing Denied December 17, 1957.
Enwright & Esteva, John G. Enwright, Mann, Harrison, Roney, Mann & Masterson, Baya M. Harrison, Jr., St. Petersburg, for appellant.
Shackleford, Farrior, Shannon & Stallings, R.W. Shackelford, George T. Shannon, Thomas C. McDonald, Jr., Tampa, for appellees.
ALLEN, Judge.
Appeal from a final judgment dated January 28, 1955, in an action at law by Charles Harder and Mary Kathleen Harder, husband and wife, against Lawrence Bowser, for damages resulting from claimed negligence of defendant which allegedly caused an intersectional automobile accident, said judgment being based on a verdict for $17,500 damages to Mary Kathleen Harder and for "None" damages to Charles Harder. Appellant was defendant below and appellees were plaintiffs, the parties being referred to herein as they stood before the trial court.
*753 The jury brought in the following verdict:
"We, the jury, find for the plaintiffs, Charles Harder and Mary Kathleen Harder, and against the defendant, Lawrence Bowser, and assess their damages at $ none for Charles Harder and $17,500.00 for Mary Kathleen Harder, making a total of $17,500.00. So say we all."
The defendant moved for a new trial on several grounds, among which were that the verdict was inconsistent and improper, and that contributory negligence was shown as a matter of law. The trial judge, in his opinion denying defendant's motion for new trial, said:
"It is contended by defendant that the form of the verdict rendered indicates that the Jury found that the Plaintiff, Charles Harder, was guilty of contributory negligence as evidenced by the Jury's failure to award him any damages. Defendant strongly relies upon the case of Atlantic Coast Line Railway Co. v. Price, [Fla.], 46 So.2d 481, contending that the Price case is `almost exactly parallel' to the instant case as to the form of verdict and attendant circumstances. * * *
"* * * It is the opinion of this Court that the present case is not controlled by the principles set forth in the Price case because of an entirely different factual situation. In the Price case it was possible for the jury to render separate verdicts for individual plaintiffs, whom the Jury thought should prevail, and against any plaintiffs whom the jury found should not prevail. This situation does not exist in the present case. Plaintiff and his wife were acting in concert, and any contributory negligence of the Plaintiff's husband as driver of the car was imputable to the Plaintiff's wife as owner of the automobile, and the Jury was so instructed.
"The evidence in the instant case shows that Plaintiff, Charles Harder, sustained only nominal damages with no permanent injuries, a hospital bill of three dollars twenty-five cents ($3.25) and medical expenses for himself of one hundred twenty-five dollars ($125.00). It is contended by Plaintiff that since the Plaintiff husband sustained only damages nominal in nature by comparison of those sustained by his wife that he should not be allowed any recovery and that his wife should be compensated in the sum of $17,500.00.
"It is the opinion of this Court that the form of verdict rendered in the present case contains two significant statements: First, the general finding for the plaintiffs, which under the facts of the Price case were held to be `mere surplusage', inasmuch as separate awards were possible, and, second, the particular finding for the plaintiff, Charles Harder, he being named in the verdict, which was not done in the Price case, together with the positive finding against the defendant.
"For the court to say that the verdict of the Jury was inconsistent and improper because of the failure to award damages to the plaintiff, Charles Harder, despite the Jury's statement in plain language that they found for the plaintiff, Charles Harder, by name, and against the defendant would in this Court's opinion open the door to a substitution of the Court's judgment based upon little more than speculation and conjecture for that of the Jury who heard and considered the evidence."
A jury's verdict carries with it a presumption of regularity just as a court's order is presumed to be correct. See Florida Power and Light Co. v. Hargrove, 1948, 160 Fla. 405, 35 So.2d 1; Putnam Lumber Co. v. Berry, 1941, 146 Fla. 595, 2 So.2d 133.
In the case of Atlantic Coast Line R. Co. v. Price, Fla. 1950, 46 So.2d 481, referred *754 to in the trial court's opinion and also referred to in the briefs of each of the parties in this suit, the jury rendered the following verdict:
"We the jury, find for the plaintiffs, and assess their damages as follows:

 "For A.E. Price $0000
 "For Olive Price $1250.
 "For Margery Price $ 300.
 "For Tommy Price $ 150.
 "So say we all."

We do not consider the Price case on point in this case, except for the determination of the Supreme Court that where the jury filled in definite amounts for three of the plaintiffs, but placed zeros opposite the name of the plaintiff, A.E. Price, he was a losing party.
The writer of this opinion tried the case for the Atlantic Coast Line Railway Company in the lower court and argued the case before the Supreme Court, and from the files in the original case, the following proceedings were found:
Motions for new trial were filed by the Atlantic Coast Line Railway Company in the Olive Price, Margery Price and Tommy Price cases and by the plaintiff, A.E. Price, in his case. The Circuit Judge granted the Atlantic Coast Line Railway Company a new trial in the Olive Price case, but denied new trials in the Margery and Tommy Price case. The Circuit Judge also granted the plaintiff, A.E. Price, a new trial.
Four separate cases were filed against the Atlantic Coast Line Railway by father, mother, and two children. The Circuit Judge granted the motion of the Atlantic Coast Line Railway for a new trial in the Olive Price case because of his failure to instruct the jury that if they found from the evidence that the automobile being driven by A.E. Price with the permission and consent of Mrs. Price, was owned by Mrs. Price, any negligence that was attributable to A.E. Price would also be imputed to Mrs. Price. The court did not grant the new trial on any theory of conflicting verdicts. The lower court's order granting a new trial to A.E. Price was based upon the fact that he considered the form of the verdict confusing to the jury.
The decision of the Supreme Court in the Atlantic Coast Line R. Co. v. Price, supra, in favor of the defendant railroad was based on the error of the lower court in not directing a verdict for the railroad at the conclusion of all the evidence, upon the ground that the sole negligence in the case was that of the plaintiff, A.E. Price, without any concurring negligence on the part of the Atlantic Coast Line Railway Company.
In the case of Loftin v. Anderson, Fla. 1953, 66 So.2d 470, the Florida Supreme Court in a split decision, held that where the jury had awarded plaintiff-wife a judgment of $12,500 in her action, but awarded plaintiff-husband nothing, although he had proved damages, plaintiff-husband should be granted a new trial for damages only. In the Loftin case, however, there was no question involving the negligence or contributory negligence of plaintiff-husband, as the actions of the husband and wife were predicated upon the sudden stopping of a railroad train in which they were riding.
In the case of Gaita v. Pamula, 1956, 385 Pa. 171, 122 A.2d 63, 64, another husband and wife action for property damages and for personal injuries, the jury brought in a verdict for the husband for property damage only and did not allow the wife anything for her injuries. The wife claimed that the verdict was capricious and should have been set aside, but the court in its opinion stated:
"* * * The truth of the matter is that the jury chose to disbelieve plaintiff and her witnesses.
* * * * * *
"* * * The jury could well decide, and apparently did, that in the face of the extreme claims as to expenses and as to injuries, with all other *755 proof before it, the plaintiffs were not to be believed. It was not bound to accept plaintiffs' testimony; nor was it bound by the opinions of their medical witnesses or by their version of the circumstances. * * * Although the proof may be clear and indisputable, yet if it is dependent upon oral testimony, it is for the jury to decide as to the law applicable to the facts, under proper instructions of the court. * *"
In the case of Stephenson v. Steinhauer, 8 Cir., 1951, 188 F.2d 432, 436, the court held that since, in separate actions consolidated for trial by husband and wife for personal injuries sustained in a collision between a truck in which they were riding and defendant's truck, the jury verdict for plaintiff-wife in a substantial sum was not inconsistent with a verdict finding for plaintiff-husband but awarding him no damages, and that reversal of the judgment on the wife's verdict was not required.
The Court in its opinion said:
"As has been observed, Arthur Steinhauer and Nettie Steinhauer each brought a separate action against defendant for damages on account of personal injuries resulting from the same accident. The court ordered the actions consolidated for the purposes of trial because apparently the actions involved common questions of law and fact, and for the purpose of avoiding unnecessary costs and delay. The causes, however, remained separate, separate verdicts were returned, and separate judgments entered. This order for a joint hearing affected merely the mechanics of the trial. Defendant has not appealed from the judgment in the Arthur Steinhauer case and in fact could not be said to be prejudiced by the verdict in that case. If there is an inconsistency in that verdict that might well be a ground for a motion by Arthur Steinhauer for a new trial but it has no bearing upon the verdict in this case. The verdict in this case involves no inconsistency. However, it is held that consistency in a verdict is not necessary even if the issue were available to defendant here. United States v. Dotterweich, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48; Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356."
In the case of Higbee v. Dorigo, Fla. 1953, 66 So.2d 684, 685, Higbee and wife sued Dorigo to recover damages for physical injuries. Hotel Runnymede sued Dorigo to recover damages to its automobile. The cases were consolidated for trial. Everett J. Higbee was driving a car owned by Hotel Runnymede, Inc., and Carolyn Higbee was riding as a passenger on the front seat of the car which her husband was operating. One, Werner Dorigo, negligently drove his car into the rear of the car being operated by Higbee. The jury brought in a verdict in favor of Everett J. Higbee in the sum of $750 and in favor of Hotel Runnymede, Inc. for $800; but although the verdict found for the plaintiff, Carolyn Higbee, and against the defendant, Dorigo, it assessed her damages in the sum of $ none and then further found for the defendant, Dorigo, in the case of Higbee v. Dorigo. The court in its opinion said:
"* * * Therefore, any defect as to form was waived; and inasmuch as there is evidenced a plain intention on the part of the jury that Mrs. Higbee should have no recovery, or that no damages allowed plaintiffs in the suit should be apportioned to her claim, we think that the verdicts must be considered as constituting a sufficient predicate for the rendition of the judgment in favor of the paintiffs for $750 and costs. See Atlantic Coast Line R. Co. v. Price, Fla., 46 So.2d 481; Dania Lumber & Supp. Co. v. Senter, 113 Fla. 332, 152 So. 2.
"As to the proposition that the uncontroverted evidence required the return of a verdict of a very considerable sum in favor of Mrs. Higbee, we think *756 that from the testimony given by this plaintiff the jury had the right to believe that such injuries as she allegedly received in the collision were of such an inconsequential nature that she should have no recovery, or that no useful purpose would be served by apportioning any damages to her claim. Compare Dania Lumber & Supp. Co. v. Senter, supra."
The defendant here strongly contends that the jury, in effect, determined the plaintiff, Charles Harder, was guilty of negligence which contributed to the collision, and refused to allow him damages, but that through sympathy, the jury did allow damages in the sum of $17,500 to his wife, Mary Kathleen Harder, the other plaintiff.
Trial lawyers are often confused by a jury's determination of the issues in a case. Sympathy often is a controlling or participating factor in their conclusions. When a verdict has been returned, however, it is clothed with a presumption of regularity which the appellate court cannot disturb if there was evidence from which a jury could properly have rendered the verdict which it did.
In this case, we believe there was sufficient evidence from which the jury could have determined that the sole proximate cause of the collision was the negligence of the defendant. The verdict indicates that this was the conclusion of the jury, even though they failed to find damages for co-plaintiff, Charles Harder. We surmise that the jury probably concluded that Charles Harder had very little provable damages, and since they had awarded substantial damages to his wife, the other plaintiff, they would not award him anything. Since the plaintiff-husband is not complaining about the inconsistency of the jury's verdict in this case, we conclude that the verdict should not be set aside.
The defendant also complains that the trial court committed reversible error when it re-read plaintiff's requested instruction No. 4 without re-reading defendant's requested instruction No. 3, or other wise clearly defining the relative duties resting upon the respective drivers. The instruction complained of was given by the lower court when the jury returned to the court room in the midst of their deliberations and requested additional instructions.
The trial judge is often confronted with just such a situation as developed in this case. There is, of course, some advantage to the side which is favored by the last instruction of the judge on a point of law, but we cannot say that in this case the effect was sufficiently harmful to justify reversing the able trial judge, as a study of all the instructions which he gave convinces us that the issues were fairly presented to the jury.
Some other questions were presented in the briefs of the appellants, but we do not believe that the acts of the lower court questioned therein constituted reversible error.
Affirmed.
KANNER, C.J., and PLEUS, J., concur.