SHANNON, Chief Judge.
Appellants seek review of a final judgment entered on a jury verdict in favor of the appellees, who were the defendant-counterclaimants in the lower court.
This action was commenced with the filing of a complaint by Teare for recovery on two promissory notes in the amount of $21,691.50. By their answer the defendants generally denied the allegations of the complaint and raised affirmatively the defenses of failure of consideration and conditional delivery. The defendants also cross-claimed against Florida Mortgage Funding Corporation, for the return of certain application fees, alleging that the latter had defaulted in its promise, and counterclaimed against the plaintiff. The prayer of the counterclaim sought judgment for $22,500.00, represented by two checks in the amounts of $7,500.00 and $15,000.00. In the counterclaim defendants also sought recovery for damages arising from inability to perform certain contracts with third parties, which was allegedly caused by appellants’ breach of contract.
At the conclusion of trial by jury, verdict was rendered for defendant-counter-claimants in the amount of $5,000.00, and the final judgment here under consideration was entered thereupon.
Under appellants’ sole point on appeal, viz., whether the court below erred in failing to grant plaintiff’s motion for new trial on the ground that the verdict is contrary to the manifest weight of the evidence, it is maintained that under the evidence the jury was only authorized to find that the plaintiff had performed under his contract with the defendants, in which event defendants would be entitled to nothing; or that plaintiff had not performed, *858 in which event defendants would be entitled to $22,500.00. Therefore, it is argued that the jury reached a compromise verdict of $5,000.00 which should not be allowed to stand since the claim presented by the counterclaim was a liquidated amount.
We pause here to note that the counterclaim filed by the appellees alleged damages in addition to the $22,500.00 represented by the two checks. Paragraph 9 of the counterclaim reads:
“That the counter-plaintiff corporation, based on the assurance of the counter-defendant and cross-defendant that the permanent loan was forthcoming, entered into numerous contracts and negotiations with various sub-contractors, architects, engineers, etc., for the purpose of proceeding with development plans preparatory to building on its property, and that as a result of the failure of the counter-defendant and cross-defendant to issue to the counter-plaintiff corporation the commitment as agreed upon and as expected, the counter-plaintiff corporation has suffered severe financial losses, loss of business reputation, and its property has had numerous liens, encumbrances, etc. placed upon it, due to its inability to pay the obligations incurred, as aforesaid.”
Then in the concluding prayer, damages in excess of $50,000.00 were asked for. Although there is ample evidence in the record to support this claim, and consequently, the $5,000.00 verdict rendered in favor of the defendants on the counterclaim, our decision herein will be based primarily on the question whether the appellants can successfully complain that the appellees should have received the full ($22,500.00) amount of the two checks or nothing at all.
In the case of McMullen v. Hoofnagle, 1932, 106 Fla. 16, 142 So. 598, action was brought on a note. Defendant entered pleas of set-off and of payment. The plea of set-off was substantially proved but the verdict, and judgment thereon, was in favor of the plaintiff for an amount for which there was no basis in the record. In fact, tire judgment which the plaintiff received was for an amount much less than that of the claim after deducting the amount of the set-off. The defendant appealed but notwithstanding the fact that the verdict had no basis in the record, the Supreme Court, in affirming, held that since the error complained of was shown by the record to have been in defendant’s favor, he cannot be heard to complain. See, also, Walling v. Carlton, 1933, 109 Fla. 97, 147 So. 236, wherein the court said: “The surety bond was only for the sum of $500. The court did not enter judgment for the full amount of the bond as against the surety, which it might well have done under the facts as disclosed by the record. The surety cannot complaint that the court did not enter judgment against it for as great a sum as it might have entered.” That these cases are in accord with the general rule, see 15 Am.Jur., Damages, Sec. 231; and the annotation at 174 A.L.R. 783.
We would point out in this connection that had the instant case been one in which a liquidated amount capable of mathematical computation was sought and the trial judge had, by specific instruction to the jury, fixed the amount for which a verdict should be brought in, if at all, then our decision might be different.
Under the particular facts and circumstances of the instant case, the appellants cannot be heard to complain of the $5,000.00 verdict rendered against them.
Affirmed.
WHITE, J., and SAMPLE, WALLACE, Associate Judge, concur.