STANLY, W. A., Associate Judge.
The captioned appeals are from judgments rendered in the Circuit Court in two cases involving claims for injuries and damages sustained as result of collision between an automobile and a tractor-trailer, which will be referred to herein as a truck. The cases were consolidated for trial. Appellants were plaintiffs and counter-defendants below and appellees were defendants and counter-plaintiffs below. All parties will be referred to herein as they stood in the trial court.
At the time of subject accident, which occurred shortly after 8:00 P.M., plaintiff, Golden, was driving his automobile along State Road 52 between Dade City and San Antonio; and plaintiff, Faulkner, was riding with him as a passenger. Approximately 20 minutes prior to the accident a truck, owned by defendant and counter-plaintiff, Harrell, and being driven by defendant and counter-plaintiff, Ryals, had run out of gas as it approached the crest of a hill on said State Road 52 headed toward Dade City, thereby starving the motor of *351 fuel and stranding it without power while still on the highway in its travelling lane. When its driver applied the foot brake to keep the truck from rolling backward on the incline of the hill, for some unexplained reason, the brakes did not function. Without attempting to use his emergency brake to hold the truck’s position, the driver undertook, by the aid of gravity roll, to back the truck off the highway. In such backing operation the trailer jackknifed and came to rest across the highway at approximate right angles to it, and at a distance of 528 feet below the crest of the hill. The truck was 40 to 45 feet in length and extended completely across the pavement and part of the shoulders so as to blockade the travelling lanes in both directions. No flares, fusees or reflectors were available to defendant to put out on highway as required by law.
Prior to plaintiffs’ arrival at the scene, several vehicles headed in both directions had proceeded around the truck, and two groups of such travellers had stopped to lend assistance, with result that one such volunteer had stationed himself near the crest of the hill for the purpose of flagging oncoming traffic from the direction plaintiffs were travelling to warn of the blockade ahead. As the plaintiffs’ car approached this volunteer stood in its path and endeavored to flag it but plaintiff driver proceeded past him without breaking his speed and thereafter crashed into the blockading truck. Both the driver of the moving car, Golden, and the passenger therein, Faulkner, sued the owner of the truck, Harrell, and its driver, Ryals; and Harrell and Ryals filed counterclaims against Golden.
A three day trial ensued during which many other related details of evidence pertaining to the alleged negligent conduct of the several parties was presented. Except for the portions thereof which will be subsequently referred to hereafter, it is not deemed necessary to encumber this opinion with such extensive details. There were many conflicts in the testimony that had to be resolved by the jury. Apparently the jury, in the exercise of their prerogative, disbelieved enough of the testimony offered by plaintiffs on such matters as speed, vision, application of brakes, and manner of driving, as to cast a generally unreliable flavor thereon because their verdicts upon the issues raised by plaintiffs’ complaints found against each of the plaintiffs and in favor of the defendants. As to the counterclaims, the jury likewise found in favor of both counterclaimants and against the plaintiff driver of the moving car, Golden, but in the assessment of damages it awarded the truck driver, Ryals, only $1,000.00, although the testimony would support a substantially larger verdict, and awarded the owner of the truck, Harrell, damages in the amount of “none”, although the uncon-tradicted proof revealed damage in excess of $2,000.00. Insofar as such award of damages, or the failure thereof, is concerned, the jury verdicts are plainly and completely irreconcilable. However, neither counterclaimant elected to complain about such verdicts, and following denial of plaintiffs’ motions for new trial, judgment was entered in favor of each of the defendant-counterclaimants against the plaintiff-counter-defendant, Golden. This appeal seeks reversal of such judgments.
The plaintiff, Faulkner, insists that the Court’s instructions to the jury on imputation of negligence to, and contributory negligence of, him in the status of a passenger, were not founded upon any competent evidence. Such plaintiff, Faulkner, was a passenger in the moving vehicle. Joint enterprise, or agency, was not involved. We readily recognize the existence of testimony in the record which would amply support the contention that such plaintiff should not be charged with contributory negligence or permit his driver’s negligence to be imputed to him and the Court adequately instructed the jury on that theory of the case. However, there was other testimony in the record less favorable to such plaintiff which the jury was likewise authorized to consider, which also necessitated appropriate instructions from the *352 Court. This phase of the matter involved the general manner of operation, and, particularly, the speed of the vehicle in which he was riding as a passenger, from inception of his journey therein up to the time of impact. The jury saw, heard and observed the witnesses testify, learned of the distance travelled during the elapsed time interval of the trip, considered the estimates of speed varying between SS and 85 miles per hour, the stop for beer, the nature of the locality leading up to, and at the scene of, the accident, the opportunity to become alerted to the blockade by the witness Cramer, who had stationed himself in the middle of the road to give warning of their peril, the 528 foot distance between the crest of the hill and the blockading truck, the photographs showing the size of the hole gouged out of the pavement by the plaintiff vehicle, and the extensive damage suffered by the moving car and truck, the force of impact necessary to knock the subject truck (consisting of a 5,400 pound tractor and 9,540 pound trailer) into, and inflict damage upon, the pick-up truck which had assumed a position nearby defendants’ truck in an effort to transfer gasoline to the truck to get it removed from its perilous position, the lack of skid marks on the road, such passenger’s failure to feel the host car slow down or swerve prior to impact, and are presumed to have weighed same and the reasonable inferences to be drawn therefrom, in contrast to the conflicting evidence on the subject in endeavoring to' reconstruct the truth. We conclude that it would be no abuse of discretion for the Court or jury to interpret the true facts, and inferences to be properly drawn therefrom, as exceptional circumstances which would have placed a passenger exercising reasonable care for his own safety on notice that his driver was not exercising the degree of care in the operation of the host vehicle that was compatible with his safety; and that it was reasonably essential to his own safety to attempt to warn or control the conduct of his driver; and that there was sufficient time and opportunity to give warning and make protest in advance of the accident. Accordingly, it was proper for the Trial Court to regard these circumstances as substantial evidence upon which a finding of contributory negligence on the part of the passenger could be predicated, and charge the jury accordingly. Knudsen v. Hanlan, 160 Fla. 566, 36 So.2d 192.
The particular charge which the Trial Judge gave on the subject was drafted and requested by plaintiffs’ counsel, who took no exception to possible omissions that may have been appropriately included. In the absence of a proper request or timely exception, plaintiffs have no standing to now claim error. 32 Fla.Juris. 388, Sec. 142. Suffice it to say that the factual situation prevailing in the case here on review meets the test of exceptional circumstances which are expressly recognized as exceptions to the well established general rule ordinarily entitling a guest passenger to trust the vigilence and skill of his driver, as enumerated in the numerous cases cited by plaintiff. We find no reversible error in subject charge.
Plaintiffs next complain that the Court erroneously charged the jury upon the doctrine of last clear chance. They argue that such doctrine was not applicable to the facts presented by this case, and that instructing the jury thereon was both prejudicial to plaintiffs and confusing to the jury. A review of the facts developed at the trial, together with the rules set forth in the cited cases establishing guide lines for invoking such doctrine convinces us that from amongst the conflicting testimony there emerged one version of the subject accident which measures up to the strict and rare instances where the doctrine might be properly invoked.
A chain of acts on the part of the defendants, which may properly be termed negligent, culminated in the truck assuming its perilous position on the highway at night. Its plight was visible to oncoming traffic from the direction being travelled by *353 plaintiffs from the crest of the hill measuring a distance of 528 feet. During the 20 minute interval the truck had blocked the road prior to subject collision, other motorists, from both directions, discovered its perilous position in ample time to avoid striking it, and some remained on the scene to assist in both removing the peril and warning oncoming traffic of its existence.
Analysis of the evidence admits a logical inference that if plaintiff driver had been exercising reasonable care and looking where he was going with “seeing eyes” he would have seen the blockading truck in time to have avoided the accident. In the jury’s evaluation of the evidence it was their prerogative to find that defendants’ antecedent negligence had culminated in a situation of peril, from which the exercise of ordinary care thereafter on the part of defendants would not extricate them from their perilous position, and that such predicament should have been discovered by plaintiff driver in time to appreciate the danger and take steps to avoid it, but negligently failed to do so. If the jury found such new negligence of plaintiff driver to be the overriding dominant cause of the accident, then the antecedent negligence of the defendant .driver becomes relegated to a remote cause of the accident, thereby negativing an essential quality of contributory negligence aimed at the counterclaimants, but leaving the new negligence of plaintiff driver to stand as the proximate cause of the accident. Accordingly, it was proper for the trial judge to instruct the jury upon the doctrine of last clear chance. The charge given on the subject was adequate and affords no basis for reversible error.
Plaintiffs further contend that “The verdicts were fatally conflicting and contradictory.” As pointed out above, the jury was justified in finding against both plaintiffs and in favor of both counter-claimants on the issue of liability. But when it came to assessing damages for the counterclaimants its award of only $1,000.00 to the truck driver, Ryals, though the testimony would support a much higher award, and of no damages to the counterclaimant owner of the truck, Harrell, notwithstanding that his uncontradicted proven damage was in excess of $2,000.00, was contrary to instructions of the Court, and completely irreconcilable. But we fail to discover any right that exists in favor of plaintiffs, who were helped rather than harmed thereby, to successfully complain about it. Basically a party “ * * * cannot complain of errors that are in his favor, or of alleged errors that cause him to lose nothing.” 2 Fla.Juris. Sec. 17, page 312. Also see McMullen v. Hoofnagle, 106 Fla. 16, 142 So. 598 (1932) which held:
“ * * * Defendant is plaintiff in error here, but, since the error complained of is shown by the record to have been in his favor, he cannot be heard to complain, and the judgment should be affirmed. It is so ordered.”
A review of the authorities cited by plaintiffs to bolster the argument that aforementioned inconsistency of the verdicts require that both be set aside, and a new trial ordered reveals that in every such case the particular party that had been harmed by the inconsistent verdict took the appeal. But here, the parties harmed have elected not to complain about either the inadequacy or inconsistency of such subject verdicts, thereby precluding this Court from consideration of the subject on this appeal.
Precedent for approval of similar inconsistent verdicts is to be found in Higbee v. Dorigo, Fla., 66 So.2d 684, and Bowser v. Harder, Fla.App., 98 So.2d 752, both of which were cited in the Trial Judge’s order denying plaintiffs’ motions for new trial.
It may he observed that under the authorities cited by plaintiffs on this point the Courts frequently allowed the assaulted verdicts to stand on the question of liability and ordered new trials only on the sole question of damages. No doubt, the coun-terclaimants would be grateful for oppor *354 tunity to submit their claim of damages to another jury, but since they have not sought it, no other action is indicated.
No reversible error appearing, the judgments should be affirmed.
Affirmed.
ALLEN, Acting C. J., and KANNER, J., concur.