SWANN, Judge.
This appeal results from the trial of four consolidated cases in which there were multiple plaintiffs, each of whom recovered a verdict from the jury. A single Final Judgment was entered in favor of all the plaintiffs and against both defendants.
The appellant, Francis J. Rupp, was one of the two defendants below. The other defendant, William N. McGackin, did not join in the appeal. The parties will be referred to herein as they were in the trial court.
The plaintiffs sued for injuries and damages sustained when the automobile in which they were riding was struck head on by the vehicle owned by defendant, Rupp, and driven across the center line of the highway by defendant, McGackin.
There is no question of negligence or contributory negligence involved in this appeal. The sole issue raised concerns the question of whether McGackin was operating the automobile at the time of the accident with Rupp’s knowledge, consent or permission.
Rupp contends that he cannot be liable for the operation of his motor vehicle 'by McGackin, because there was no proof whatever that McGackin had permission,, either express or implied, to operate his car on the public highway.
The facts in the case are briefly these. The defendant, Rupp, was stationed with the Navy at the Boca Chica Naval Air Station, near Key West,- Florida. Also stationed there and under his supervision were William N. McGackin and Vaughn Courter.
The three men had spent the evening of March 27, 1963 together at Rupp’s home. They were awakened at about twenty minutes of five on the morning of March 28, 1963, because Rupp had to board an airplane at 5 :00 A.M. for Norfolk, Virginia. They drove in Rupp’s car to the air station and, because of the shortness of time, drove directly to the tower at the airstrip where the aircraft was warming up. Rupp turned the car over to Courter at this time.
During the trip from Rupp’s home to the airstrip McGackin was asleep and apparently did not hear any of the conversation concerning the entrustment of the car. *74 Courter testified that Rupp turned the car over to him to drive it from the tower to the parking lot on the base, and for no other purpose.
Subsequently, Courter drove the car to Key West, Florida, where he and McGaclcin engaged in drinking and became separated. Courter had turned the keys and the car over to McGaclcin, who was returning to the Naval Air Station when the accident occurred.
The testimony of Rupp concerning the “restrictions” on the use of the car was objected to and sustained by the trial court. No challenge has been made to the propriety of that ruling. This testimony is therefore not before us and will not he considered.
There was evidence before the jury, which the jury could choose to believe or disbelieve, of the following: (1) Rupp only gave permission to Courter to drive the car from the tower at the airstrip to the parking lot on the base; (2) that Courter had permission to drive the car from the air station to and from Key West, Florida; and (3) that Courter had permitted McGaclcin to .drive the car.
There was testimony from another witness before the jury that Courter had said, in reference to the use of the car:
“He stated something about he had a lucky break, that he had wheels, that he had the car for some time. But he was not to drive it around town or anything like that. He said he had permission to use it for transportation to Key West.”
The conflicting evidence in this case concerning the consent given by the owner for the use of the car, and the restrictions, if any, made the “facts” a matter necessary for jury determination. It is the jury’s function to decide conflicting evidence and to determine questions of fact, and a case should not be withdrawn from the jury unless it appears as a matter of law that a recovery cannot be had upon any view of the facts which the evidence reasonably tends to establish. Alessi v. Farkas, Fla.App.1960, 118 So.2d 658.
The trial judge submitted the conflicting evidence herein to the jury, together with certain instructions, which included the law to be followed by the jury in determining the entrustment of the car.
There was evidence in this matter from which the jury could have determined that consent was actually given, or from which the jury could determine that consent was not given. Therefore, the question of .“presumption” under Section 51.12, Florida Statutes, F.S.A., is not necessary to a determination of this matter.
It is the opinion of this court that the jury was justified in finding on the evidence before it that the defendant, Mc-Gackin, was driving the automobile with the owner, Rupp’s, “permission and consent”, and that therefore the owner, Rupp, together with McGaclcin, was liable for the accident.
A verdict is clothed with a presumption of regularity which an appellate court cannot disturb if there was evidence from which a jury could properly have rendered the verdict, which it did. Bowser v. Harder, Fla.App. 1957, 98 So.2d 752.
For the foregoing reasons, the judgment is therefore
Affirmed.