395 So.2d 553 (1980)
Henry G. EDMONDSON, Appellant,
v.
Avis Mitchell SWOPE and Nationwide General Insurance Company, Appellees.
No. OO-204.
District Court of Appeal of Florida, Fifth District.
December 16, 1980.
Rehearing Denied April 7, 1981.
R.K. Roberson of Roberson & Roberson, Deland, for appellant.
C. Thomas Ferrara, of Pitts, Eubanks & Ross, Deland, for appellees.
WENTWORTH, Associate Judge.
This is an appeal from an order of proration entered pursuant to Section 440.39(3)(a), Florida Statutes (1975). We affirm.
Edmondson, while in the course and scope of his employment with Halifax Cable T.V., was injured in a vehicular accident on July 10, 1976. Edmondson brought suit against the third party tortfeasor, Swope, and his insurer, Nationwide General Insurance Company, for the injuries sustained in the accident. The suit was subsequently settled for $15,000, which was the limit of applicable insurance coverage. Travelers Insurance Company, Halifax's compensation carrier, paid Edmondson a total of $42,191.36. During the pendency of the suit against the third-party tortfeasor, Travelers filed a "Notice of Payment of Compensation and Medical Benefits" for workmen's compensation benefits paid and to be paid to Edmondson. § 440.39(3)(a), F.S. (1975). Edmondson's petition filed in December, 1977, for proration of the settlement proceeds was abated upon Travelers' objection that proration was premature since a final determination of the workmen's compensation benefits due was scheduled for hearing in March, 1978. Travelers subsequently filed amended notices of payment and a petition for proration. The trial court ordered Edmondson to pay Travelers $4,365.22 "per the provisions of Florida Statute 440.39(3)(a)" based upon his finding that Edmondson failed to establish that he did not recover from the third party tortfeasor the full value of his damages because of comparative negligence or the limits of insurance liability and collectibility. The court also denied Edmondson's petition for attorney's fees.
Edmondson asserts that the court erred in failing to equitably distribute the amount recovered. We find no reversible error. Section 440.39(3)(a) provides:
The employer or carrier shall recover 50 percent of what it has paid and future benefits to be paid unless the employee or *554 dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee.
Pursuant thereto, it is clear that Travelers was entitled to recover 50% of what it paid unless Edmondson demonstrated that he did not recover the full value of damages sustained by him because of comparative negligence or because of limits of insurance coverage and collectibility. Maryland Casualty Co. v. Whitley, 375 So.2d 18 (Fla. 1st DCA 1979); National Ben Franklin Insurance Co. v. Hall, 340 So.2d 1269 (Fla. 4th DCA 1976); Ramar-Dooley Construction Co. v. Norris, 341 So.2d 546 (Fla. 2d DCA 1977). Edmondson failed to meet his burden of proof since no evidence was presented as to collectibility. Maryland Casualty Co. v. Whitley, supra. Edmondson's argument that the trial court misapprehended the law since the reimbursement ordered does not represent 50% of what Travelers has paid is unavailing. Edmondson cannot complain of this error because he is not adversely affected, and Travelers has not cross appealed that issue. E.g., McMullen v. Hoofnagle, 106 Fla. 16, 142 So. 598 (1932); Strong v. Clay, 58 So.2d 435 (Fla. 1952); Golden v. Harrell, 147 So.2d 350 (Fla. 2d DCA 1962); cert. denied 155 So.2d 150 (Fla. 1963).
Edmondson's contention that the trial court erred by denying his petition for attorney's fees is also without merit. See Universal Engineering Corporation v. Cartier, 380 So.2d 1160 (Fla. 3d DCA 1980). Edmondson's other contentions have been considered and have been determined to be without merit.
Accordingly, the order appealed is AFFIRMED.
ROBERT P. SMITH, Jr. and ERVIN, Associate Judges, concur.