BASKIN, Judge.
We affirm the final judgment awarding appellees a brokerage commission, the judgment indemnifying appellees, and the judgment for costs. Appellant, as the third-party defendant-indemnitor, may not complain that the verdict was inadequate when any error inured to his benefit, McMullen v. Hoofnagle, 106 Fla. 16, 142 So. 598 (1932); Golden v. Harrell, 147 So.2d 350 (Fla. 2d DCA 1962), cert. denied, 155 So.2d 150 (Fla.1963); see Edmundson v. Swope, 395 So.2d 553 (Fla. 5th DCA 1980); thus, appellant’s contention that the evidence supported only a larger award than that returned by the jury, or nothing at all, is unavailing. Because appellant failed to request a jury instruction on damages and objected neither to the verdict forms nor to the instructions, accord Golden v. Harrell; see Wright v. Coca Cola Bottling Co. of Miami, 256 So.2d 56 (Fla. 4th DCA 1971); Fla.R.Civ.P. 1.470, we reject his contention.
Appellant declined to appear and defend the action seeking indemnification under the contract although he received timely notice; consequently the third-party complaint resulted in a conclusive adverse judgment. McArthur v. Gaines, 286 So.2d 608 (Fla. 3d DCA 1973); Olin’s Rent-A-Car System, Inc. v. Royal Continental Hotels, Inc., 187 So.2d 349 (Fla. 4th DCA), cert. denied, 194 So.2d 621 (Fla.1966); Westinghouse Electric Corp. v. J.C. Penney Co., 166 So.2d 211 (Fla. 1st DCA 1964); see Hull & Company v. McGetrick, 414 So.2d 243 (Fla. 3d DCA 1982).
We reject as without merit appellant’s remaining contentions.
Affirmed.