72 So.2d 393 (1954)
AREX INDEMNITY CO.
v.
RADIN et al.
Supreme Court of Florida. Special Division B.
March 26, 1954.
Rehearing Denied May 27, 1954.
*394 Nichols, Gaither, Green, Frates & Beckham, Miami, for George Radin.
Brown, Dean & Hill, Miami, for L.F. Popell and Mary Dorset and L.F. Popell Co., Inc., a Florida corporation.
Knight, Smith & Underwood, Miami, for appellant.
DREW, Justice.
The appellant, a Workmen's Compensation carrier, questions the amount allocated to it from proceeds of a partial recovery by an employee of its insured against a third party tort feasor.
The award was made pursuant to Section 440.39(3), Florida Statutes 1951, F.S.A., which in part provides:
"* * * Upon suit being filed the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid under the provisions of this law, based upon such equitable distribution of the amount recovered as the court may determine, less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney's fees for plaintiff's attorney, such proration of court costs and attorney's fees to be made by the judge of the trial court upon application therefor and notice to adverse party." (Italics added.)
The appellee Radin, while covered by Workmen's Compensation insurance and while in the scope of his employment, was seriously injured in an automobile accident on August 15, 1951. More than one year later, on October 8, 1952, he brought suit against L.F. Popell, et al., alleging that injury was negligently caused by them. In that action, the appellant, pursuant to Section 440.39(3), supra, filed notice of payment to Radin of compensation benefits, reciting it had paid $4,331.63 and expected to pay further the amount of $21,770 for compensation payments plus $2,000 for medical expenses.
On March 11, 1953, Radin obtained a judgment in his favor for $115,000. However, the defendants therein, operators of a small business, were unable to make substantial cash payment above the amount of $25,000 liability insurance held. Therefore, *395 Radin settled the judgment for $25,000 cash plus $75 weekly installments until $30,000 has been paid, with the agreement that any payment in addition to $75 weekly installments would be discounted by 20% against the total payment of $30,000. Radin had no assurance of recovery of the deferred balance. His attorneys were entitled to 40% of the $25,000 plus 25% of the installment payments.
A hearing was had to determine the amount to be allotted from the recovery to the appellant under the provisions of Section 440.39(3), supra. At that time appellant had paid to Radin for medical expenses and $35 weekly compensation payments a total of $4,611.63, and for these items in the future expected to pay sums sufficient to raise the total to $30,091.63, assuming it would have to pay $35 weekly for a total of 700 weeks.
The Court ordered Radin to pay to appellant the sum of $1,500 as "the pro rata share which this Court has determined to be the equitable distribution of the amount recovered." Parenthetically, we think the words "pro rata" used in the amendment, when considered in the light of the remainder of the paragraph and its evident purpose, must be construed in its broadest aspect and not in a technical manner. This is particularly evident when such pro rata distribution is to be based on equitable considerations.
The appellant contends the Court abused its discretion. It admits the statute contains no precise formula for computation but ingeniously improvises and asserts that since the Radin settlement represents 47.8% of the judgment amount, appellant should have from the recovery 47.8% of its claim asserted or a share amounting to $14,383.80 before taking into account its share of attorneys' fees and costs.
Radin, on the other hand, contends that even if he does recover the $30,000 payable $75 weekly, which is doubtful, he still will have received $30,000 less than what the jury determined to be the present value of his damage and that on an equitable basis he should not be required to take out of pocket for benefit of the insurance company which received premiums for the exposure of the risk.
The sole question is whether under the circumstances set out the Court abused its discretion in determining the amount to be allocated to appellant.
The quoted portion of Section 440.39(3) was the result of amendment made in 1951 to the Workmen's Compensation Act. Prior to the amendment the employee accepting coverage had no right to bring or control on his own action for his injuries against a third party tort feasor but was "at the mercy of the employer or the insurance carrier" which alone had the right of action so that situations arose which "resulted at times in injustice to the employee" and it was to correct those evils that the amendment was made. Fidelity & Cas. Co. of New York v. Bedingfield, Fla. 1952, 60 So.2d 489, 493. In that case we also observed that the compensation carrier had no right of subrogation except that given by the statute; and that is the accepted principle. See 2 Larson, Law of Workmen's Compensation 206, Section 74.11.
We do not think the formula urged by appellant, nor any criterion which attempts to apply exact mathematical calculations to circumstances such as these, is consistent with the language of the statute involved.
An endless variety of situations may arise in cases where an employee covered by compensation through his own initiative effects a recovery against a third party tort feasor. The situations may include in any given case, a wide or narrow range between amount of medical expenses and pain and suffering involved, wide disparity between the amount of actual damage sustained and the actual recovery possible on any judgment obtained, and a wide range of difficulties attending the litigation itself and the uncertainty of recovery therefrom after final judgment.
*396 We think any effort to establish a precise formula to encompass all variables that may be present in situations arising under Section 440.39(3), supra, would be a simple case of judicial legislation. The statute sets up and prescribes the standard. If the language there used is undesirable, the matter is one for legislative action.
Moreover, appellant in its computations assumes that Radin will collect the $30,000 deferred weekly installments and that it shall pay some $21,000 in the future. Neither of these factors is determined to the point of certainty. All that presently is certain from the record is that Radin has collected from the third party, after attorneys' fees, a net of $15,000 against injuries assessed by a jury to the amount of $115,000 and that the carrier has paid $4,611.63. Possibly in the future, Radin may collect the further net amount of $22,500 and the carrier pay some $21,000.
We observe that the present net recovery by Radin of $15,000 is less than one-third of the settlement figure less attorneys' fees, and that the $1,500 award to the carrier is approximately one-third of the amount actually paid by it; and we observe that even though Radin may receive ultimately the entire settlement amount, that gross sum plus all possible compensation benefits will be some $30,000 less than the amount of his entire damages as assessed by the jury.
We are not advised by what means the court arrived at the amount by it determined to be appellant's "pro-rata" share of the "equitable distribution" required by the statute. But under the circumstances here presented, we think appellant has failed to meet its burden of showing an abuse of discretion in the making of the award.
Affirmed.
ROBERTS, C.J., TERRELL, J., and PATTEN, Associate Justice, concur.