131 So.2d 499 (1961)
SOUTHERN FARM BUREAU CASUALTY INSURANCE CO., a corporation, Appellant,
v.
Wilma G. BENNETT, Appellee.
No. 2110.
District Court of Appeal of Florida. Second District.
June 7, 1961.
Rehearing Denied July 5, 1961.
*500 James E. Thompson of Fowler, White, Gillen, Humkey & Trenam, Tampa, for appellant.
J. Hal Connor, Winter Haven, for appellee.
MOODY, JAMES S., Associate Judge.
This is an appeal by a workmen's compensation carrier from a Circuit Court order determining equitable distribution of a settlement made by plaintiff with third party tort feasor pursuant to Section 440.39(3) (a), Florida Statutes of 1959, F.S.A., pertaining to the Florida Workmen's Compensation Law. We find no error and affirm the lower court.
The defendant, appellant herein, was the workmen's compensation carrier for the employer of plaintiff's deceased husband. The deceased employee, while in the scope of his employment, was involved in an automobile accident and killed. Wilma G. Bennett, the plaintiff widow, brought suit against the third party tort feasor for negligently causing the death of her husband. Settlement was effected for $35,000 cash. The plaintiff widow then filed a petition for apportionment of settlement under Chapter 440.39. The carrier filed answer setting forth the amounts of compensation paid or to be paid by the defendant carrier; that the settlement was for its full value and that therefore the carrier should receive full reimbursement less its pro rata costs and attorney's fees. The pertinent part of Chapter 440.39(3) reads as follows:
"Upon suit being filed the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid under the provisions of this law, based upon such equitable distribution of the amount recovered as the court may determine, less their pro rata share of all court costs expended by the plaintiff in the prosecution *501 of the suit including reasonable attorney's fees for plaintiff's attorney, such proration of court costs and attorney's fees to be made by the judge of the trial court upon application therefor and notice to adverse party."
The lower court allowed the sum of $4,100 to the carrier as its pro rata share of "equitable distribution" less a pro rata part of the plaintiff's attorney's fee of $1,200.
The defendant urges on this appeal that the lower court abused its discretion by not allowing the carrier full reimbursement for the compensation benefits paid or to be paid. We find no merit in this argument. The Judge recited in his order that plaintiff's position was that her actual damages were approximately $90,000 and that her recovery of $35,000 was no more than 38% of her real damages. He further found that the carrier had paid or would pay approximately $10,000 for which defendant desired full reimbursement. The award of $4,100 to defendant carrier is approximately 41% of the sums expended by the carrier.
The Court by its order apparently concluded that the settlement was not full compensation for the damages sustained. The Judge is given wide discretion under the statute. He must determine the equitable considerations to be applied and we cannot say he abused this discretion. It was pointed out in Arex Indemnity Co. v. Radin, Fla., 72 So.2d 393, 395, that the words "pro rata" as used in the statute must be construed not in its technical sense but in its broadest sense based on equitable considerations. The court stated in that case as follows:
"An endless variety of situations may arise in cases where an employee covered by compensation through his own initiative effects a recovery against a third party tort feasor. The situations may include in any given case, a wide or narrow range between amount of medical expenses and pain and suffering involved, wide disparity between the amount of actual damage sustained and the actual recovery possible on any judgment obtained, and a wide range of difficulties attending the litigation itself and the uncertainty of recovery therefrom after final judgment.
"We think any effort to establish a precise formula to encompass all variables that may be present in situations arising under Section 440.39(3), supra, would be a simple case of judicial legislation. The statute sets up and prescribes the standard. If the language there used is undesirable, the matter is one for legislative action."
This case is distinguished from the type of case where full and adequate recovery of a litigative case has been effected as in the case of Baughman v. Aetna Casualty & Surety Company, Fla., 78 So.2d 694.
Affirmed.
ALLEN, C.J., and KANNER, J., concur.