SMITH, FRANK A., Associate Judge.
This is an appeal from the order and judgment rendered November IS, 1960, in which the Court determined the equitable pro rata share of each the employee and carrier in a judgment of $10,000 recovered by the employee (plaintiff) against the defendant, a third party tort-feasor. The employee, by motion, sought a determination of same by the trial court, of which he gave notice to both the carrier (appellant) and defendant. Appellant, by motion to stay, made an attack upon the jurisdiction of the Court to act because the parties to the suit resided in Broward County and the cause of action did not arise in Palm Beach County in which the suit was instituted and judgment entered. The contention is forcefully made that the determination could only be made by the Circuit Court in Broward County where both plaintiff and defendant resided and the cause of action arose. Subsection (3) (h) introduced into Section 440.39 in 1959 is the provision upon which appellant relies and claims that it was entitled to have the determination made by the Circuit Court of Broward County, in which it instituted a proceeding for that relief.
Subsection (2) provided for subrogation of the employer or carrier to the rights of the employee * * * to the extent of *460 the amount of compensation benefits paid or to be paid as provided in Subsection (3).
Said Subsection (3) provides for the employer or employer’s insurance carrier to file in the suit of employee against the third party tort-feasor a notice of payment of compensation and medical benefits to the employee, which notice shall be recorded and constitute a lien upon any judgment recovered to the extent that the Court may determine.
The record is silent as to the giving or absence of such a notice which would establish a lien and the only reference found in regard to such a lien is contained in plaintiff’s Motion for Determination of Workmen’s Compensation Lien, seeking a determination of the validity vel non and, if any, what part of the compromise settlement paid by the tort-feasor should be paid to the carrier (appellant) for benefits paid to plaintiff. Upon plaintiff’s said motion heard by the Court, both plaintiff and appellant being represented by counsel, the Court recognized the existence of the lien and its validity and made its determination of pro-ration between them.
As appellant claims that only the Broward Circuit Court had authority to make the determination of the pro rata sharing of the parties in the settlement, let us examine subsection (3) (b) upon which it relies.
First, it provides if the carrier has given written notice of his rights of subrogation “to the third party tort-feasor, and thereafter settlement of any such claim or action at law is made, either before or after suit is filed, and the parties fail to agree on the proportion to be paid to each, the Circuit Court of the County in which the cause of action arose shall determine the amount to be paid to each” etc. (Our italics.)
Since there is no showing that either the employer or carrier gave notice prior to the settlement to the third party tort-feasor, this provision of the statute is not applicable and the assignments of error based upon the claim that the controversy had to be determined in Circuit Court of Broward County in which the cause of action arose must fail.
The determination made by the trial court was that appellant should receive $800 for reimbursement for payment of compensation and medical benefits to the extent of approximately $14,000. The employee had lost a leg for which he obtained a judgment of only $10,000 the full extent of the liability the tort-feasor’s insurance covered. We cannot say that the division made by the learned circuit judge was not equitable, hence the Sth assignment must be overruled.
Finding no error, the judgment is affirmed.
ALLEN, Acting C. J., and WHITE, concur.