170 So.2d 54 (1964)
UNITED STATES FIDELITY & GUARANTY COMPANY  Workmen's Compensation Lienor, Appellant,
v.
Lige HARB, South Florida Freightways, Inc., a Florida corporation, E.R. Sidall and Carlton Shaw, Appellees.
No. 64-547.
District Court of Appeal of Florida. Third District.
December 29, 1964.
*55 Walter C. Lehmann, Miami, for appellant.
Welsh, Cornell, Pyszka & Carlton, Miami, for appellees South Florida, Freightways, Sidall and Shaw.
Gilbert & Young and Gerald Silverman, Miami, for appellee Harb
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
BARKDULL, Chief Judge.
The appellant [the insurance carrier of the employer of the appellee, Harb] subsequent to paying compensation payments and the institution of an action by the appellee, Harb, against the appellees, South Florida Freightways, Inc., E.R. Sidall and Carlton Shaw, pursuant to the provisions of § 440.39(3) (a), Fla. Stat., F.S.A., filed a "notice of payment of compensation and medical benefits", which was duly recorded and which constituted a lien upon any judgment recovered to the extent that the trial court might determine based upon such equitable distribution as appeared meet and proper to the court.
A common law action was instituted in the circuit court and, presumably in good faith, sought damages in excess of $5,000.00. The total amount of the payments made by the appellant, as reflected in the notice, was $1,063.90. The jury's verdict was in the sum of $900.00, and the final judgment was rendered in accordance with the verdict. Subsequent to the rendition of the judgment, the appellees, South Florida Freightways, Inc., E.R. Sidall and Carlton Shaw, satisfied the judgment. Thereafter, the matter came on for hearing before the court upon the motion for an equitable distribution of the judgment, in accordance with the provisions of the aforesaid section of the Florida Statutes, which motion resulted in an order awarding nothing to the appellant.
The appellant urges error in the failure of the court to award it anything to satisfy its lien, filed in accordance with the statute. The appellant concedes that the amount to be recovered pursuant to the filing of such a lien is discretionary with the court. However, it contends that the court abused its discretion in failing to award anything to it, and also complains that the determination of equitable distribution was made subsequent to the satisfaction of the judgment.
At the outset, we point out that it appears to be a better practice, when a carrier has filed a notice in accordance with the provisions of the above statute, that the equitable distribution should be made prior to the satisfaction of the judgment, because it is the ultimate obligation of the judgment debtor and he should be required *56 to petition the court to determine an equitable distribution prior to the satisfaction of same. And, if he satisfies it without seeking a determination, it would appear that he might run the risk of being liable twice to the extent that the court might determine that the judgment pro ratably belonged to the carrier. However, because of our determination of the other issue in this appeal, we deem at most that this action on the part of the trial court would amount to no more than harmless error. See: Sullivan v. Florida East Coast Ry. Co., 100 Fla. 42, 129 So. 340; Victor Hotel Owners v. Sperling, Fla.App. 1958, 104 So.2d 120; § 54.23, Fla. Stat., F.S.A.
As noted, the appellant concedes that the equitable distribution by the court is a discretionary matter, but contends that the failure to award anything to the carrier constitutes an abuse of discretion. We concur that the court, in rendering an equitable distribution, does act within its discretion. See: Fidelity Casualty Company of New York v. Bedingfield, Fla. 1952, 60 So.2d 489; Arex Indemnity Company v. Radin, Fla. 1954, 72 So.2d 393; Baughman v. Aetna Casualty and Surety Company, Fla. 1953, 78 So.2d 694; Southern Farm Bureau Casualty Insurance Company v. Bennett, Fla.App. 1961, 131 So.2d 499; London & Lancashire Insurance Company v. Failfield, Fla.App. 1961, 132 So.2d 459; General Casualty Insurance Company v. Moore, Fla. 1962, 143 So.2d 805. It appears from the case of Baughman v. Aetna Casualty and Surety Company, supra, that the court's award to a carrier of the entire amount of a claim has been held [under the particular circumstances of that case] to be within its discretion. It would appear, likewise, that a court may [in the particular circumstances of a given case] determine that a carrier would be entitled to nothing, as it did in the instant case. In light of the record on appeal, the amount of the verdict, the cost, expenses and attorney's fees incurred by the plaintiff, we find no abuse of discretion in the court's failure to make any equitable distribution to the appellant. The Supreme Court of Florida indicated, in the case of Arex Indemnity Company v. Radin, supra, that there could be no mathematical formula for the determination of an equitable distribution in accordance with the statute, and that each case must turn on its particular facts and circumstances.
It is not the province of this court to substitute its judgment for that of the trial court but, in the instant case, only to determine if the trial court abused its discretion. The appellant having failed to make abuse appear and the record supporting the actions of the trial court, same should be and are hereby affirmed. See: Builders Supply Co. v. Acton, 56 Fla. 756, 47 So. 822; Williams v. Yelvington, 103 Fla. 145, 137 So. 156; Florida Telephone Corporation v. State ex rel. Peninsular Tel. Co., Fla.App. 1959, 111 So.2d 677.
Affirmed.