SWANN, Judge.
Appellee, Oris V. Foster, was injured in the course of his employment and received workmen’s compensation benefits from appellants. Suit for damages was filed, and after a jury trial he received a final judgment in the amount of Ten Thousand Dollars.
Appellants had filed their notice of lien and after a hearing, the trial court entered an order allowing appellants the sum of Six Hundred Dollars on the petition for equitable distribution under Section 440.39 (3), Florida Statutes, F.S.A. Appellants seek review of this award. No testimony was transcribed and this appeal is based on conflicting summaries of the parties.
Appellants’ contention is that Foster recovered a jury verdict of Ten Thousand Dollars, as a full recovery for his damages, and that the trial court abused its discretion in failing to allow full reimbursement, less expenses attendant to prosecuting the third party claim (attorney’s fees and costs).
In the case of United States Fidelity & Guaranty Company v. Harb, Fla.App.1964, 170 So.2d 54, this court upheld the discretion of the trial court, under Section 440.- *511 39(3), in failing to award the compensation carrier any amount whatsoever on its petition for equitable distribution, although plaintiff had recovered a jury verdict. It cited with approval Baughman v. Aetna Casualty & Surety Company, Fla.1955, 78 So.2d 694, wherein the Supreme Court of Florida approved an award under Section 440.39(3) of reimbursement in full (less expenses) to the compensation carrier of the amounts it had paid to the injured employee. A jury verdict had been recovered therein, also. The court in Harb, supra, stated as follows:
******
tí * * * Supreme Court of Florida indicated, in the case of Arex Indemnity Company v. Radin, supra [Fla., 72 So.2d 393], that there could be no mathematical formula for the determination of an equitable distribution in accordance with the statute, and that each case must turn on its particular facts and circumstances.” (Emphasis added.)
******
The recent case of Security Mutual Casualty Company v. Grice, Fla.App.1965, 172 So.2d 834, involved a similar question. There a jury verdict of $25,000 was returned for the plaintiff. The carrier claimed that since the plaintiff had recovered full and complete damages as determined by a jury and since the recovery exceeded the amounts paid or to be paid, the trial court erred in failing to award full reimbursement of the benefits paid and to be paid. The court determined the question contrary to this position and said :
******
“ * * * it is apparent that the appellant’s right arises solely by virtue of the statute, Section 440.39(3) (a), and its right is subject to such equitable distribution of the amount recovered as the Court may determine. Such statute provides a broad discretion to be exercised by the trial judge upon equitable considerations. Hartford Accident and Indemnity Company v. Mc-Nair, supra. [Fla.App., 152 So.2d 805],
“If an equitable distribution is not to be permitted in cases such as this, it is a subject for legislative and not judicial determination. See Arex Indemnity Co. v. Radin, supra, and Shelby Mutual Insurance Company v. Russell, Fla.1962, 137 So.2d 219, 222.”
* * * * * *
Under these authorities there is no question that the rendition of a jury verdict has no effect upon the discretionary power of the trial judge in making an equiable distribution under the statute. The appellants have failed to show an abuse of discretion in the amount awarded by the trial judge, and for the reasons stated, the order is
Affirmed.