222 So.2d 768 (1969)
HARDWARE MUTUAL INSURANCE COMPANY, Appellant,
v.
Howard ROTH, Individually and As Next Friend of His Son, Neal Allen Roth, a Minor, et al., Appellees.
No. 68-1000.
District Court of Appeal of Florida. Third District.
May 20, 1969.
*769 Rose & Marlow, Miami, for appellant.
Horton & Schwartz, Sams, Anderson, Alper & Spencer, Miami, for appellees.
Before PEARSON, BARKDULL and SWANN, JJ.
PER CURIAM.
The appellant, a compensation carrier, seeks review of an order of equitable distribution entered by the trial court pursuant to § 440.39(3) (a), Fla. Stat., F.S.A. The original third party tort action was settled. The amount of the compromise settlement was $200,000.00 to the injured minor employee and $50,000.00 to the father of the minor, who had the responsibility for medical expenses.
The appellant urges that the trial court erred in permitting it to recover only $2,000.00 when it had medical expenses in excess of $34,000.00, urging that this court should adopt as a guideline the philosophy that a compensation carrier can recover the full amount of its medical expense against any liability settlement that covers this item, if necessary up to 100% of the settlement less a proportionate amount for costs and attorney's fees. We reject this argument, in light of the statute vesting the discretion for equitable division in a trial court.
If guidelines are to be set to aid a trial court in this distribution, they should be affixed by the Legislature. This is particularly so in light of the fact that ordinarily a compensation carrier cannot receive any reimbursement from a claimant. This only happens when a third party action is commenced.
Therefore, for the reasons above stated, the order here under review be and the same is hereby affirmed upon the authority of Arex Indemnity Company v. Radin, Fla. 1954, 72 So.2d 393; United States Fidelity & Guaranty Company v. Harb, Fla. App. 1964, 170 So.2d 54; Security Mutual Casualty Company v. Grice, Fla.App. 1965, 172 So.2d 834; Luby Chevrolet, Inc. v. Foster, Fla.App. 1965, 177 So.2d 510.
Affirmed.