BOYER, Acting Chief Judge.
We here again consider the propriety of equitable distribution under the Florida Automobile Reparations Reform Act. (See White v. Reserve Insurance Company, Fla.App. 1st 1974, 299 So.2d 661; certiorari denied, Sup.Ct.Fla.1975, 308 So.2d 113.
In the case sub judice appellee filed a suit in the Circuit Court in and for Volu-sia County against one George Rogers seeking damages resulting from an automobile accident. The defendant filed an affirmative defense alleging contributory negligence on the part of the plaintiff (ap-pellee here), thus bringing into operation the doctrine of comparative negligence. *180 (See Hoffman v. Jones, Sup.Ct.Fla.1973, 280 So.2d 431) A verdict was returned in the sum of $5,000 which recited “We, the jury, find for the plaintiff and assess the plaintiffs damages at $5,000.00.” The record on appeal does not reveal whether appropriate verdicts were submitted to the jury by which it might- have been ascertained whether or not the jury reduced the plaintiff’s recovery by application of the comparative negligence doctrine. Without that information it is impossible for us to determine whether or not the plaintiff received a recovery to the extent of the full value of his claim. (See White v. Reserve Insurance Company, supra)
The parties stipulated in the trial court to the entry of a final judgment reducing the plaintiff’s recovery to the sum of $4,910.00 as a result of costs incurred by the defendant subsequent to a prior offer of judgment pursuant to Rule 1.442 RCP. The parties further stipulated that appellant here had paid to the plaintiff personal injury protection benefits in the sum of $1,678.80 and that the plaintiff had expended the sum of $2,028.28 for costs and attorney’s fees. Pursuant to timely and appropriate proceedings the learned trial judge entered an “Order for Equitable Distribution” ordering the plaintiff, appellee here, to reimburse appellant, as equitable distribution, the sum of $500.00. The learned trial judge, in said order, indicated that he had taken into consideration the various factors set forth as guidelines in Reyes v. Banks, Fla.App. 4th 1974, 292 So.2d 39. Those guidelines were quoted verbatim by this Court in White v. Reserve Insurance Company, supra.
Although the facts in the case sub judice differ from those in White v. Reserve Insurance Company, supra, in that there the recovery was based on an agreed settlement whereas here' the recovery was based upon a jury verdict, the principles announced in the White case are applicable here.
As above recited, there is no way for us to determine from the record before us whether the jury returned a verdict for the full extent or value of appellee’s claim. Therefore, even were equitable distribution subject to mathematical exactitude (which we do not here hold: See Arex Indemnity Co. v. Radin, Sup.Ct.Fla.1954, 72 So.2d 393; Hardware Mutual Insurance Co. v. Roth, Fla.App. 3rd 1969, 222 So.2d 768; Reyes v. Banks, supra) we would nevertheless be here without the primary figure required for application of the equation.
Appellant having failed to demonstrate prejudicial error, the judgment appealed is
Affirmed.
McCORD and MILLS, JJ., concur.