341 So.2d 546 (1977)
RAMAR-DOOLEY CONSTRUCTION COMPANY, Employer, and American States Insurance Company, Its Workmen's Compensation Insurance Carrier, Appellants,
v.
Calvin L. NORRIS, Appellee.
No. 76-1004.
District Court of Appeal of Florida, Second District.
January 19, 1977.
*547 Ivan Matusek, of Earle, Yanchuck & Cooper, St. Petersburg, for appellants.
Larry Byrd, of Ginsburg & Byrd, Sarasota, for appellee.
SCHEB, Judge.
As employer/carrier, appellants challenge an equitable distribution order under the Workmen's Compensation Law allowing recovery of only 25% of the benefits they paid and are to pay appellee, their employee, who was injured in a vehicular accident on November 7, 1974.
The employer's carrier has already paid the employee workmen's compensation benefits of $5,480.69 as ordered by the Judge of Industrial Claims. Additional benefits required to be paid may eventually bring the total to $16,120.69. The employee received $30,000 in a settlement of his third party action against an allegedly negligent tortfeasor. He then sought a determination of the amount the carrier was to receive from the settlement. Upon hearing, the carrier, relying upon Section 440.39(3)(a), Florida Statutes, contended it was entitled to receive $8,060.34, representing a 50% recovery of the benefits paid and to be paid to the employee. The trial judge ordered the employee to reimburse the carrier for 25% of all sums which he had been paid and of those which he subsequently receives in compensation benefits. The order also required escrowing of sufficient sums from the settlement the employee received in the third party tort action to assure fulfillment of his obligation to the carrier for its reimbursement from his future compensation benefits.
Appellants contend the trial court erred in failing to allow a 50% recovery under Section 440.39(3)(a), Florida Statutes, as amended effective October 1, 1974. By cross appeal, appellee attacks that part of the trial court's order requiring $2,660 of the employee's recovery escrowed to assure reimbursement to the carrier for future benefits to be paid to the employee. We agree with appellant's position; we reject the contentions by appellee. We reverse.
Prior to October 1, 1974, the extent of an employer or carrier's entitlement where an injured employee recovered damages from a third party tortfeasor was determined by the trial judge, based on "such equitable distribution of the amount recovered as the court may determine," less a pro rata share of all court costs expended by the employee in the prosecution of the action including a reasonable fee for the employee's attorney. Effective October 1, 1974, that equitable distribution provision was deleted. For industrial accidents occurring after that date, equitable distribution to the employer or carrier is governed by Section 440.39(3)(a), Florida Statutes, which provides:
"... The employer or carrier shall recover fifty percent (50%) of what it has paid and future benefits to be paid unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee... ."
Prior to the 1974 amendment, the practical effect of the statute was to place the burden upon the carrier to establish the amount of its entitlement. The former statute vested wide discretion in the trial judge and allowed for many equitable considerations in determining the employer or carrier's entitlement to share in proceeds recovered by an employee against a third party tortfeasor. See Southern Farm Bureau Casualty Ins. Co. v. Bennett, 131 So.2d 499 (Fla.2d DCA 1961). Commenting on the former statute, the Supreme Court of Florida in Arex Indemnity Co. v. Radin, 72 So.2d 393 (Fla. 1954) stated:
"We think any effort to establish a precise formula to encompass all variables *548 that may be present in situations arising under Section 440.39(3), supra, would be a simple case of judicial legislation. The statute sets up and prescribes the standard. If the language there used is undesirable, the matter is one for legislative action."
The legislature has acted. We must give effect to the statutory criteria they have imposed. Under the revised statute, once the carrier establishes the expenditures it has made and the future benefits it is to pay, the employer or carrier has the right to receive its 50% of any recovery against a third party tortfeasor, unless the employee demonstrates to the court that he did not recover full value of the damages he sustained because of (a) comparative negligence, or (b) limits of insurance coverage and collectibility. Thus, the legislature has now cast the burden on the employee if he is to succeed in reducing the employer's carrier's recovery from the 50% statutory entitlement. Cf., National Ben Franklin Ins. Co. v. Hall, 340 So.2d 1269 (Fla. 4th DCA 1976) (1976).
In this case, the employee's counsel informed the court of the $30,000 settlement and his one-third contingency fee and suggested a 25% pay back as being fair and equitable. The amended statute was then brought to the court's attention by the counsel for the carrier. Some evidence was presented as to injuries suffered by the employee but the record is devoid of any evidence to indicate he did not recover full value of the damages he sustained either because of comparative negligence or limits of insurance coverage and collectibility. Simply stated, there was no basis for the court to award less than 50% of what the carrier has paid and will pay in future benefits to the employee.[1]
We find no merit in appellee's contentions on cross-appeal that the trial judge erred in requiring that certain sums be escrowed to assure repayment of the carrier's entitlement for its equitable distribution as relates to future benefits to be paid. The thrust of the employee's argument here is that considering his own health, it is speculative whether he will ever receive those future benefits. The statute establishes the carrier's lien for an amount that it ". . has paid and future benefits to be paid... ." It was not unreasonable for the court to require the employee who has assurance of receiving future benefits to secure the carrier's share by escrowing $2,660 of his award.
Accordingly, this cause is remanded to the trial court with directions to enter an order authorizing the carrier to recover 50% of the sums paid and to be paid to the employee.
HOBSON, Acting C.J., and GRIMES, J., concur.
NOTES
[1] The new statute apparently envisions an employee will be able to sustain his attorney's fee and costs incurred in an action against a third part tortfeasor from the 50% of the proceeds he is permitted to retain.