### 121 GOLDEN CONDOMINIUM ASSOCIATION, Inc. v. BUCKLEY.
No. 76-5704 SP.

County Court, Broward County.

July 8, 1977.

Robert S. Miller, Fort Lauderdale, for the plaintiff.

Chris E. Penzell of Penzell & Diamond, Coral Gables, for the defendant.

HARRY GULKIN, County Court Judge.

*Final judgment:* This matter was tried by the court on June 16, 1977. The court, having had the opportunity to consider the testimony of the parties and their witnesses and review the exhibits introduced into evidence by the parties, and having considered the legal argument of counsel, makes the following determinations of fact and conclusions of law —

## Statement of facts

The plaintiff, 121 Golden Condominium Association, Inc., a non-profit Florida corporation, is the designated "association" responsible for the operation of the condominium owned by 121 Golden Isles Condominium Corp., a Florida corporation, which condominium consists of 98 units.

The defendant, James W. Buckley, became the owner of unit number 903 on or about April 16, 1975.

Certain sections of the declaration of condominium are the subject matter of the instant litigation —

"15. *Assessments.* The making and collection of assessments against apartment owners for common expenses shall be pursuant to the Bylaws and the following provisions:

A. Each unit owner shall be liable for a proportionate share of the common expenses . . .

B. That no owner of a condominium parcel may exempt himself from liability for his contribution towards the common expenses by waiver of the use and enjoyment of any of the common elements, or by abandonment of his "condominium unit."

F. Assessments by the Association shall include . . . insurance, utilities required for common areas, exterminating service, gardening, repairs, general maintenance and cleaning of the common areas."

In addition to the sections aforementioned, as set forth in the declaration of condominium, the declaration specifically provides, in paragraph 8 that the association shall operate the condominium pursuant to certain provisions, including the articles of incorporation and the bylaws of the association and, further, there is specific adoption and ratification to the effect that the owners of the condominium parcels or units agree that the administration of the condominium shall be in accordance with the bylaws.

Article XII of the certificate of incorporation of 121 Golden Condominium Association, Inc. provides, in pertinent part, that the corporation shall have a continuing lien for unpaid assessments on any condominium parcel and, in addition thereto, that the corporation has the authority to assess all members in amounts that are necessary to meet maintenance, operational and other expenses.

The declaration of restrictions and bylaws of 121 Golden Condominium Association Inc., provides that the board of directors shall have the power to levy monthly assessments, payable in advance, and to use and expend the assessments collected to maintain, care

for and preserve the common elements and to collect delinquent assessments by suit, if necessary. Sections 5 (1) (2) (7).

Article VII of the declaration of restrictions and bylaws provides that the board of directors shall from time to time, fix and determine the sum or sums necessary and adequate for the continued operation of the condominium property. The board shall determine the total amount required, including the operational items such as taxes, insurance, repairs, maintenance and other operating expenses.

In accordance with the provisions of the bylaws each unit owner agrees to pay promptly when the assessments are due and each owner is responsible for the monthly as well as all special assessments that are assessed against the individually owned condominium unit. Only authorized assessments, special or otherwise, can be levied.

The notice provision in the declaration of restrictions and bylaws and, more specifically, Article IX, provides that prior to the institution of any legal action for nonpayment of sums of money that may be due the condominium association, the board of directors shall give 30 days notice, in writing, of said violation to the specific condominium owner.

The statement of claim filed in the matter before the court was filed on April 20, 1976, setting forth an alleged amount due and owing by the defendant of $715.05 representing unpaid assessments including maintenance, roof repair and legal fees.

Subsequently, on June 1, 1977, with leave of court, a second amended statement of claim was filed seeking a total amount allegedly due and owing from the defendant in the amount of $1,979.20 representing maintenance and recreational lease payments, maintenance fee assessments, and legal fee assessments.

Prior to the institution of the original statement of claim, the attorney for the plaintiff had written to the defendant putting him on notice that, as of January 19, 1976, the defendant was allegedly in debt in the amount of $169.44 representing four monthly maintenance payments of $92.61 per month and, in addition thereto, $75 representing a roof repair assessment plus an additional $174 representing legal assessments.

### Conclusions of law

In addition to the language contained in the declaration of condominium and the declaration of restrictions and bylaws referred to above, Section 711.15(1), Florida Statutes (1975), provides, in pertinent part that —

"A unit owner, regardless of how title is acquired, ...
shall be liable for all assessments coming due while he
is the owner of a unit."

Initially, the courts have held that it is not unjust or inequitable for unit owners to pay their pro rata share of assessments based upon their respective ownership of common elements, for a period of time they owned each respective unit. *C 21 Commodore Pl. v. Commodore Pl. AT C. 21*, 340 So.2d 945 (Fla. 3rd DCA 1977).

In the case at bar, the defendant testified that he had not received sufficient notice to put him on notice as to how much money was due and owing representing the various assessments in issue.

The court, based upon the testimony adduced at the trial, concludes that the defendant, James W. Buckley, as a unit owner, knew or should have known of the assessments as set forth in the declaration of condominium and/or declaration of restrictions and bylaws mentioned above when he purchased his condominium unit, and, therefore, he was on notice of the financial obligations to be incurred by him.

Enforcement of the terms of the declarations, therefore, cannot be said to work a hardship upon the defendant. See *Mayfair Engineering Co. v. Park*, 318 So.2d 171 (Fla. 4th DCA 1975) ; also, *Point East Management Corporation v. Point East One Condominium Corporation, Inc.*, 282 So.2d 628 (Fla. 1973).

It is well settled that a condominium association is not at liberty to adopt arbitrary or capricious rules and regulations bearing no relationship to the health, happiness and enjoyment of life of the various unit owners. On the contrary, the test is one of reasonableness. *Hidden Harbour Estates, Inc., v. Norman*, 309 So.2d 179 (Fla. 4th DCA 1975).

As held in the *Norman* case, inherent in the condominium concept is the principle that, to promote the health, happiness and peace of mind of the majority of the unit owners, each unit owner must give up a certain degree of freedom of choice and, in addition thereto, each unit must realize that the declaration of condominium contains examples of curtailment of individual rights usually associated with the private ownership of property. *Id.*, at p. 182.

Clearly, the 98 unit owners living in the condominium involved herein must, out of necessity, expect to pay, in the form of assessments, for the maintenance and control of the condominium property which is commonly shared by each unit owner.

In the matter *sub judice* the plaintiff is seeking a monthly assessment in the amount of $92.61 which, the court concludes, is reasonable and necessary to maintain the payments that were established by the board of directors and, additionally, the court concludes that additional assessments in the form of maintenance fee, roof repair and legal fee, were likewise necessary and reasonable and duly authorized to be imposed by the board of directors in accordance with the authority as set forth in the declaration of condominium.

The issue presented to the court for consideration, therefore, is whether the various assessments that have been invoked were necessary and reasonable and whether the defendant was duly notified of not only the amounts due and owing at the intervals that were designated, but whether he had sufficient notice of the impending litigation.

Based on the testimony adduced at the trial, the court concludes that the plaintiff complied with the procedures outlined in the declaration of condominium as well as the articles of incorporation and, further, as a result thereof, the remedies available to the board of directors in the financial responsibility section of the declaration of condominium were available to the plaintiff. Compare, *Coquina Club, Inc., v. Mantz,* 342 So.2d 112 (Fla. 2nd DCA 1977).

For the reasons stated above, therefore, it is ordered and adjudged, that the plaintiff, 121 Golden Condominium Association, Inc., do have and recover against the defendant, James W. Buckley, the amount of $1,905.20 plus court costs in the amount of $13, plus $1,000, representing reasonable attorney's fees, for which let execution issue.