SCHWARTZ, Judge.
The plaintiff did not, as Section 440-39(3)(a), Florida Statutes (1975) requires, sustain his burden of proof or “demonstrate to the court” that he “did not recover the full value of damages sustained” in his action against a third-party tortfeasor. Nevertheless, the trial judge awarded the appellants, who are the plaintiff’s employer and workmen’s compensation carrier, only 15% of the compensation benefits paid and payable, rather than the 50%[1] “pro rata” share of the plaintiff’s benefits then required by the statute in the absence of such *723 a showing. This was error. Ramar-Dooley Construction Co. v. Norris, 341 So.2d 546 (Fla.2d DCA 1977). The order on petition for equitable distribution now under review is therefore reversed and the cause remanded with directions to conduct a new hearing on the plaintiff’s petition.
Reversed and remanded.

. A subsequent amendment to F.S. § 440.39(3)(a), effective July 1, 1977, changed the 50% figure to 100%.