375 So.2d 18 (1979)
MARYLAND CASUALTY COMPANY, Appellant,
v.
Thomas WHITLEY and Sheila Whitley, Appellees.
No. NN-149.
District Court of Appeal of Florida, First District.
August 30, 1979.
Rehearing Denied October 12, 1979.
*19 Lloyd C. Leemis of Boyd, Jenerette, Leemis & Staas, Jacksonville, for appellant.
David R. Lewis of Lewis, Paul, Isaac & Castillo, Jacksonville, for appellees.
PER CURIAM.
Thomas Whitley was injured while working on a construction site in Jacksonville. He collected workmen's compensation benefits from his employer and sued the third-party tortfeasor, Ray Treadwell Building Contractors, Inc., for the alleged negligence of its crane operator. Shortly before trial, Whitley settled for $250,000 from Treadwell's insurer; a fellow worker, injured in the same accident, exhausted the $300,000-per-occurrence policy limit when, the same week, he settled for $50,000. The co-worker also received $1,000 directly from Treadwell.
As a result of the injuries, appellant had paid Whitley some $27,500 in workmen's compensation benefits. Under the law in effect at the time of this industrial accident, Section 440.39, Florida Statutes (1975), Maryland Casualty Company could recover, from the employee's recovery against the third-party tortfeasor, 50 percent of what Maryland Casualty had paid to the injured employee.
Maryland Casualty, in the instant action, sought reimbursement for half the amount it had paid Whitley. Section 440.39(3)(a), however, provides that the carrier will not recover half of the benefits paid if:
[T]he employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility.
The trial court ruled that Whitley received less than the full value of his damages because of policy limits and difficulty of collecting beyond those limits from Treadwell. The court ordered that appellant should receive only 25 percent of what it had paid Whitley. Maryland Casualty has appealed that order.
Our review of the evidence in light of the statute leads us to conclude that, as to the question of insurance coverage, the trial court did not err in finding the policy to have been exhausted at less than the full value of Whitley's damages. An economic expert placed the present value of his damages at nearly $500,000. Although that figure is disputed, it is clear that the settlement reached by Whitley was far below the only damages estimate in the record; added to the nearly simultaneous settlement by Whitley's co-worker, the $250,000 Whitley accepted exhausted the policy at what the trial court could properly have concluded to be less than the full value of Whitley's damages.
Inadequate insurance, however, is only one prong of the statutory test. The employee must demonstrate that he got less than the full value of his claim "because of limits of insurance coverage and collectibility." (Emphasis supplied.) The burden of proof is on the employee. Whitley failed to meet that burden; we reverse.
*20 Essentially the only evidence Whitley presented as to collectibility was that Treadwell paid just $1,000 of its own money to the injured co-worker. Nothing in the record, however, demonstrates that the co-worker's injuries justified a higher settlement but that Treadwell was financially unable to pay. By contrast, an affidavit of Treadwell's attorney states that Treadwell indeed could have paid more than was actually paid in settlement of the two claims.
Because Whitley failed to meet his burden of proof on the question of collectibility, the trial court's order must be reversed and the cause remanded for reimbursement to appellant of 50 percent of the benefits it paid to Whitley. Appellees' motion for attorney's fees is denied.
ERVIN, Acting C.J., and BOOTH and LARRY G. SMITH, JJ., concur.