BERANEK, Judge.
This is an appeal from an order of equitable distribution under Section 440.39(3)(a) of the Florida Workmen’s Compensation Act. Appellant is an insurance carrier *895 which paid workers’ compensation benefits in the amount of $12,154.58 to an injured employee. The employee, appellee herein, sued a third party tort-feasor for the injuries arising from a work related injury and settled for $15,150.00. The trial court awarded the compensation carrier $1,000.00 as its equitable share of the recovery. Section 440.39(3)(a), Florida Statutes (Supp. 1974), provides for equitable distribution to a compensation carrier as follows:
The employer or carrier shall recover fifty per cent (50%) of what it has paid and future benefits to be paid unless the employee or dependent can demonstrate to the court he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee .
The trial court applied this statute and found that the employee had demonstrated he had not received full value in his third party action by virtue of his own comparative negligence.
Section 440.39(3)(a), Florida Statutes (Supp.1974), makes the questions of “comparative negligence” and less than “full value” recovery factual determinations for the trial court. The evidence presented by counsel for the injured employee was minimal to say the least. The testimony of the employee was presented on the issue of his own comparative negligence. This testimony totally negated any negligence on his part. In addition, an accident report was stipulated into evidence which also negated a finding of comparative negligence. The only support for comparative negligence was an answer by the defendant to an interrogatory. This answer was totally negated by the clear physical facts shown in the stipulated accident report and the ap-pellee’s unrebutted testimony. Since the appellee’s own evidence was overwhelmingly against a finding of comparative negligence and since the burden of proof under the statute belongs to appellee, we conclude that the trial court erred in this regard.
In addition, a review of the evidence and arguments before the trial court indicates the real reason for the settlement of the third party claim was not because of comparative negligence but because of problems with proof of damages on the plaintiff’s case. Both counsel and his client were worried that the extensive alleged losses in income resulting from the accident would not believed by a jury. The plaintiff asserted he was making about $100.00 per week less selling insurance than he had made before the accident and that he was entitled to $57,000.00 in lost earnings.
We conclude that the trial court erred in awarding the carrier the sum of $1,000.00. The finding of comparative negligence and the award of $1,000.00 are reversed and the matter remanded for further proceedings. As stated in National Ben Franklin Insurance Company v. Hall, 340 So.2d 1269 (Fla.4th DCA 1976), at 1270:
It is clear from the terms of this statute that unless appellee demonstrates that he did not recover the full value of the damages sustained by him because of comparative negligence or because of limits of insurance coverage and collectibility, appellant would be entitled to recover 50% of what it paid.
REVERSED AND REMANDED.
LETTS, J., concurs.
DAUKSCH, JAMES C., Jr., Associate Judge, dissents without opinion.