389 So.2d 1088 (1980)
SAFECO INSURANCE COMPANY, Appellant,
v.
Barbara Lyles SARKISIAN, Louis Schultz and Government Employees Insurance Company, Appellees.
No. 79-797.
District Court of Appeal of Florida, Fourth District.
November 5, 1980.
*1089 Richard Yale Feder of Petersen & Feder, Miami, for appellant.
Don R. Boswell of the Law Office of Sam Bloom, P.A., Miami, for appellee Sarkisian.
HURLEY, Judge.
On this appeal an employer's compensation carrier questions the trial court's refusal to award it 50% of the settlement received by an injured employee. We reverse.
Barbara Lyles Sarkisian was injured in an automobile accident during the course of her employment. As a result, her employer's compensation carrier, Safeco Insurance Co., paid her benefits of $85,275.00. When Ms. Sarkisian filed suit against the third-party tortfeasor, Safeco filed a notice of payment of compensation and medical benefits. The suit was settled for $75,000.00. On motion, however, the trial court declined to award Safeco 50% of the settlement and instead, entered an order of equitable distribution, awarding Safeco $8,000.00.
The operative statute is Section 440.39(3)(a), Florida Statutes (1975).[1] It provides in part:
The employer or carrier shall recover 50 percent of what it has paid and future benefits to be paid unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee.
In Ramar-Dooley Construction Co. v. Norris, 341 So.2d 546 (Fla. 2d DCA 1977), the court recognized that the above statute constituted a departure from past practice and said:
The legislature has acted. We must give effect to the statutory criteria they have imposed. Under the revised statute, once the carrier establishes the expenditures it has made and the future benefits it is to pay, the employer or carrier has the right to receive its 50% of any recovery against a third party tortfeasor, unless the employee demonstrates to the court that he did not recover full value of the damages he sustained because of (a) comparative negligence, or (b) limits of insurance coverage and collectibility. Thus, the legislature has now cast the burden on the employee if he is to succeed in reducing the employer's carrier's recovery from the 50% statutory entitlement. Id. at 548.
See also, Lumbermens Mutual Casualty Co. v. Simon, 375 So.2d 894 (Fla. 4th DCA 1979), and Maryland Casualty Co. v. Whitley, 375 So.2d 18, 19 (Fla. 1st DCA 1979) where the court held:
Inadequate insurance, however, is only one prong of the statutory test. The employee must demonstrate that he got less than the full value of his claim "because of limits of insurance coverage and collectibility." (Emphasis supplied.) The burden of proof is on the employee.
In the case at bar, the trial court conducted an evidentiary hearing on Ms. Sarkisian's motion to determine equitable lien. Though she was present, she did not testify. *1090 Indeed, the only evidence received at the hearing was an injury progress report showing compensation benefits of $85,275.00 paid because of the automobile accident, and an affidavit executed by counsel for the third-party tortfeasor. Nonetheless, the trial court denied Safeco's claim for 50% of the $75,000 settlement. The court explained its rationale in its order denying Safeco's petition for rehearing:
There is evidence that a second incident or occurrence involved the Plaintiff, as an employee. The nature of that incident or occurrence is referred to simply as a "robbery" which involved the Plaintiff and which occurred within a couple of weeks that followed the accident which gave rise to the present lawsuit. It appears that a part of the workmen's compensation payments made by Safeco Insurance Company on behalf of BARBARA LYLES SARKISIAN could well have been attributed to or allocated to that accident, the subject matter of this suit, and the robbery which was a subsequent incident or occurrence.
We believe that Safeco satisfied its burden of going forward with the evidence by showing that $85,275.00 in benefits were paid on account of the automobile accident of January 14, 1975. The burden then shifted to Ms. Sarkisian to present evidence disputing the amount of the benefits, or the purpose for which they were paid. This she failed to do. Thus, the trial court's order is not grounded on evidence in the record and must be reversed. We also note that there is a void of testimonial or documentary evidence on the issues of comparative negligence and collectibility. Accordingly, the order on petition for equitable distribution is reversed and the cause is remanded with directions to conduct a new hearing on the plaintiff's motion. In order to permit effective appellate review, the trial court is requested to make findings of fact.
REVERSED and REMANDED.
ANSTEAD, J., concurs.
LETTS, C.J., dissents with opinion.
LETTS, Chief Judge, dissenting:
I dissent.
In my view the record supports a demonstration of damages in the sum of $300,000 which the plaintiff settled for $75,000 which was $25,000 less than the policy limit.
NOTES
[1] Effective July 1, 1977, the statute's recovery figure of 50% was amended to 100%.