BARKDULL, Judge.
On September 11,1977, plaintiff suffered injuries while employed by Memorial Hospital when an elevator, which she entered on the fourth floor, failed to operate properly when it plummeted from the fourth to the ground floor. She received workmen’s compensation benefits from her employer in the total amount of $35,007.00. She commenced a third party tort action against Montgomery Elevator Company. During the pendency of this action, the employer filed a notice of lien. Thereafter, the plaintiff settled with the elevator company for $105,000.00, which then brought forth a motion for equitable distribution pursuant to Section 440.39(3)(a), Florida Statutes (1977) then in existence.[1] In part, the statute read as follows:

“Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover from the judgment, after attorney’s fees and costs incurred by the employee or dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collecti-bility. The burden of proof will be upon the employee....”

At the time of the hearing on the motion, the trial court found that the plaintiff had failed to establish any conditions which would occasion a diminution in the amount to be reimbursed to the compensation carrier.[2] Whereupon, after deducting attorney’s fees and costs, the trial court directed that the amount expended in workmen’s compensation benefits to be returned to the carrier and the balance to be delivered to the plaintiff. This ruling was in accordance with the statute as it then existed and should be affirmed. Ramar-Dooley Construction Co. v. Norris, 341 So.2d 546 (Fla. 2d DCA 1977); Pubiix Super Markets, Inc. v. Gomis, 367 So.2d 722 (Fla.3d DCA 1979); Maryland Casualty Company v. Whitley, 375 So.2d 18 (Fla. 1st DCA 1979). This is as it should be. The injured party has received full compensation; her award has not been reduced by any comparative negligence; it was within the maximum the tortfeasor cold pay, and was collectible. Therefore, not to repay to the employer or its insurance carrier the workmen’s compensation benefits would permit a double recovery by the plaintiff at the expense of her employer, who was not at fault.
Affirmed.

. Compare the pre-1977 statute, § 440.39(3)(a), Fla. Stat. 1975; compare the post-1977 statue, § 440.39(3)(a), Fla.Stat.1979.

. No question of comparative negligence, no question of the amount of coverage, and no question of collectibility.