BASKIN, Judge.
Travelers Indemnity Company appeals an equitable distribution order under which it was awarded only a 15% recovery and not the statutory maximum recovery of 50% for payment it advanced as workmen’s compensation benefits. Travelers contends that Robert Jacobs failed to demonstrate that he did not recover the full value of “damages sustained because of the limits of insurance coverage and collectibility”, and it asserts *1263 its eligibility for the maximum recovery provided by section 440.39(3)(a), Florida Statutes (1975). Travelers also claims that certain findings entered by the trial court are not supported by the record. We reverse.
Robert Jacobs, a buyer for Richards Department Store, was injured in an automobile accident in 1977. The driver of the car that struck Jacobs was a fireman employed by the City of Miami. According to testimony, the accident resulted in Jacobs experiencing epileptic-type seizures and loss of vision caused by permanent brain injury. He requires constant medical supervision and is forced to use drugs which are injurious to other parts of his system.
. Travelers Indemnity Company, the insurance carrier for Richards Department Store, provided workmen’s compensation benefits. When appellee Jacobs and his wife sued the tort-feasor, Arthur Corlazzoli, and the City of Miami, Travelers filed a workmen’s compensation lien in accordance with section 440.39(3)(a), Florida Statutes (1975). Upon settlement of the Jacobs’ action for $150,000[1] to be paid by the City, Travelers presented testimony at an equitable distribution hearing to establish the amounts it had paid to Jacobs. Travelers sought a 50% statutory recovery. § 440.-39(3)(a), Fla.Stat. (1975)[2] The trial court found, however, that Jacobs had not recovered the full value of damages sustained and accordingly awarded Travelers a 15% recovery. Travelers appealed.
Section 440.39(3)(a), Florida Statutes (1975); the law in effect at the time of the accident, provides:
Upon suit being filed the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover 50 percent of what it has paid and future benefits to be paid unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee. Such proration shall be made by the judge of the trial court upon application therefor and notice to the adverse party.
Under section 440.39(3)(a), a party who seeks to limit the return of benefits under equitable distribution is required to prove that “he did not recover the full value of damages sustained because of comparative negligence or because of limits in insurance coverage and collectibility.” See Safeco Insurance Co. v. Sarkisian, 389 So.2d 1088 (Fla. 4th DCA 1980); Maryland Casualty Co. v. Whitley, 375 So.2d 18 (Fla. 1st DCA 1979), cert. denied, 383 So.2d 1205 (Fla.1980). Although comparative negligence is no longer an issue because the court entered a summary judgment in favor of the Jacobs on the issue of liability, the question of collectibility remains to be decided.
During the course of settlement negotiations, attorneys for the Jacobs obtained a resolution from the Commission of the City of Miami authorizing additional payment above the $50,000 limitation contained in the sovereign immunity waiver statute. At that time, attorneys for the Jacobs demonstrated to the Commission that the value of Robert Jacobs’ claim was approximately $938,000. The amount of Jacobs’ recovery was limited by agreement of the parties to *1264 the amount provided in the resolution.[3] Travelers presented testimony at the equitable distribution hearing disclosing that it had paid $35,361.56 in workmen’s compensation benefits on behalf of Richards Department Store. Travelers argued that it was entitled to the statutory maximum recovery because Jacobs had failed to show that additional monies could not be collected from Arthur Corlazzoli. It contended that Jacobs had failed to meet the “collectibility” requirement of section 440.39.
We agree with Travelers Indemnity Company that Jacobs failed to satisfy the requirements of section 440.39(3)(a); he failed to demonstrate his inability to collect from the tort-feasor Corlazzoli and thereby recover the full value of his damages. Under the statute, the burden of proof falls upon the employee.
Prior to the enactment of the sovereign immunity waiver statute, public employees acting within the scope of their employment or function were liable for their tortious acts. Amendments to section 768.28(9), enacted by the legislature, contained what appeared to be conflicting statements concerning the liability of public employees. In District School Board of Lake County v. Talmadge, 381 So.2d 698 (Fla. 1980), the supreme court concluded that a government employee could be made a party and was not immune from suit, but would be indemnified by the government, subject to monetary limitations contained in section 768.28(5), Florida Statutes (1975). Under section 768.28(5), judgments in excess of the monetary limitations could be paid by the state. Among the plaintiff’s options is a joint suit against both the governmental authority and the employee which would obligate the state to pay the judgment to the extent of the statutory monetary limits. The employee, however, remains personally liable for the amount that exceeds the government’s monetary limits.[4]
In the case at bar, the Jacobs proceeded against both the City and Arthur Corlazzoli, the tort-feasor the City was required by law to indemnify. Under District School Board of Lake County v. Talmadge, supra, Corlazzoli remained liable for amounts which surpassed the limit of the City’s liability. That liability reached a total of $150,000 under the City’s resolution. The trial court determined that the amount obtained by Jacobs through settlement was less than the full value of his damages; however, the court made no finding with regard to the question of collectibility. Because we are unable to determine whether or not Jacobs could collect the remainder of his damage claim from Corlazzoli, we are compelled to reverse the award to Travelers and to remand the cause for an evidentiary hearing on the question of collectibility under the statute.
Next, we consider Travelers’ contention that the record fails to support the trial court’s findings concerning Jacobs’ recovery of less than the full value of his damages. Jacobs offered no new testimony to demonstrate that he had failed to recover the full value of his damages and requested the trial court to rely upon its recollection of the testimony presented at the original hearing. The trial court entered an order which recited that it had relied on “medical testimony and facts” in the court file. We reject Travelers’ contentions; the trial *1265 court considered sworn testimony contained in the court file. We find no error.
Reversed and remanded for further proceedings to determine the issue of collecti-bility.

. The settlement was authorized by a resolution adopted by the City of Miami Commission. Section 768.28(5), Florida Statutes (1975) would have limited the city’s liability under the waiver of sovereign immunity to $50,000 per claim.

. Section 440.39(3)(a) was amended in 1977 to provide 100% recovery. Ch. 77-290, § 11, Laws of Fla. (1977). The amendment does not affect these proceedings.

. The settlement was agreed to by the City of Miami, the Jacobs, and Arthur Corlazzoli. Travelers Indemnity Company had filed a lien during the pendency of the proceedings against the City of Miami and Arthur Corlazzoli but was not a party to the lawsuit or to the agreement. Travelers waited until the settlement agreement had been reached before it attempted to recover benefits it had paid.

. Section 768.28(9) was amended in 1979 to preclude liability on the part of an employee unless he acted in bad faith, and in chapter 80-271, section 1, Laws of Florida, to provide an exclusive remedy against the governmental entity unless the employee acted in bad faith. Although chapter 80-271, section 4 purported to render the amendment applicable to pending cases, the supreme court ruled in Department of Transportation v. Knowles, 402 So.2d 1155 (Fla.1981) that retroactive application of section 4 would unconstitutionally impair vested rights.