## CIRCUIT COURT OF FAIRFAX COUNTY

Tina L. Arthur

 v.

Surrey at Manchester Lakes

December 6, 1993

Case No. (Chancery) 127973

BY JUDGE THOMAS S. KENNY

This case involves the enforceability of a rule adopted by the board of directors of Surrey at Manchester Lakes, a condominium in Fairfax County. The rule in question requires window coverings on all unit windows and further requires that the surface of such window coverings that is visible from the street be white or off-white in color.

The complainant, Ms. Arthur, purchased her unit in 1987 and, shortly thereafter, installed rose-colored drapes in her windows. At the time, the rule requiring white window treatments had not been adopted but was included in the public offering statement for the condominium as one of a series of proposed rules. Upon the termination of declarant control, the member-controlled board of directors, after notice to the members and giving them an opportunity to be heard, adopted the entire series of proposed rules in 1990. The board has since been actively engaged in trying to obtain compliance from Ms. Arthur, including the levying of an ongoing fine against her. This case arises because Ms. Arthur seeks a declaratory judgment declaring the rule to be unenforceable as to her.

After a bench trial, I ruled that the requirements of the rule served a valid condominium purpose, namely, the preservation of a uniform appearance from the street of the exterior of the condominium. Because the proposed rule was included in the public offering statement received by Ms. Arthur at the time she was considering purchasing her unit, I also ruled that she had at least constructive notice that this was

the declarant's intent. I noted that at the time Ms. Arthur installed her drapes, they did not violate any rule or by-law of the condominium and further found that if the rule was valid, it would on its face prohibit her from maintaining the rose-colored drapes facing the street. I asked counsel to submit briefs on what is the effect of a rule that makes an existing condition non-compliant where the owner had constructive notice, when she created the condition, that the rule was proposed for adoption.

Counsel for the homeowner submitted a brief in which he argues, among other things, that such a rule has no effect if it exceeds the power given to the condominium board of directors in the condominium documents. In this case, he argues, the condominium by-laws give the board rule-making authority to regulate the common elements, but not the individual units, of the condominium.

Counsel for the condominium submitted a well-reasoned brief, supported by a number of authorities, that a condominium has the power to regulate the use of individual units. He cites a number of cases approving newly-adopted restrictions which, for example, limit the unit owners' right to lease out their units[1] or which exclude children from occupying units.[2] Such restrictions on the use of a unit rise to a level which seems much more intrusive than the restriction which is at issue here.

However, in each of the cases cited by the condominium, the restriction in question was adopted as an amendment to the by-laws by the unit owners as a whole. In each of the cases cited in which a restriction was adopted as a rule by the board of directors, the restriction applied to the use of the common elements.[3]

I agree with the condominium that a restriction can be validly adopted which makes a formerly compliant condition non-compliant

---

[1] See, e.g., McElveen-Hunter v. Fountain Manor Association, Inc., 386 S.E.2d 435 (N.C. 1989); Seagate Condominium Association, Inc. v. Duffy, 330 So. 2d 484 (Fla. App. 1976); Kroop v. Caravelle Condominium, Inc., 323 So. 2d 307 (Fla. App. 1975).

[2] See, e.g., Hill v. Fontaine Condominium Association, Inc., 334 S.E.2d 691 (Ga. 1985); Richey v. Villa Nueva Condominium Ass'n, 81 Cal. App. 3d 68 (1978).

[3] See, e.g., Unit Owners Ass'n of BuildAmerica-1 v. Gillman, 223 Va. 752 (1982) (restrictions on use of common element parking lot); Hidden Harbour Estates, Inc. v. Norman, 309 So. 2d 179 (Fla. App. 1975) (prohibition of alcohol in common element recreation center).

and which would require the abatement of the newly non-compliant condition. However, I am also in agreement with the homeowner that any such restriction must be within the authority of the entity adopting the restriction.

Article VI, Section 5, of the by-laws of Surrey at Manchester Lakes, a condominium, provides, in pertinent part, that "Rules and Regulations concerning the *operation and use of the Common Elements* may be promulgated by the Board of Directors . . . ." (Emphasis added.) Paragraph 6 of the Declaration describes those common elements, which description does not include the windows opening into the various living units. Indeed, Paragraph 5 of the Declaration specifically includes all windows as being included within their respective units. I therefore do not believe that the quoted section of the by-laws gives the Board the power to have adopted the rule in question here.

Nor does there appear to be any other grant of authority within the condominium documents giving the Board power to regulate the use of units, as opposed to common elements. Although Paragraph 8 of the Declaration requires unit owners and occupants to comply with the condominium instruments and Rules and Regulations, a necessary condition to such compliance would be that the rules and regulations must have been validly adopted. A rule which is adopted *ultra vires*, as this one has been, does not require such compliance.

Accordingly, the court hereby declares that the rule regulating the color of window treatments within a unit at Surrey at Manchester Lakes is invalid. The Board is directed to abate any fines that have been imposed against the complainant's unit and to cease and desist from any further enforcement of the said rule.

Complainant has also asked for reimbursement of her costs and attorney's fees under Article XI, Section 3, of the by-laws (incorrectly referenced as the declaration in her bill of complaint). That section provides that:

> [i]n any proceeding arising out of any alleged default by a Unit Owner, the prevailing party shall be entitled to recover the costs of the proceeding, and such reasonable attorneys' fees as may be determined by the court and under Virginia law.

It should be noted here that there is no evidence that the Board has acted in anything but good faith in this matter. It enacted a rule that

had been drafted and proposed from the very beginning of the condominium's existence and has demonstrated a great deal of patience in dealing with the problem, which was eventually resolved (at least temporarily) by the simple act of attaching sheer white curtains to the back of the offending drapes. There was also mention made in the course of the proceedings of an earlier offer by the association to pay all or part of the costs of replacing the complainant's rose-colored drapes.

As I read the quoted section of the by-laws, I believe that this is a proceeding arising out of an alleged default by Ms. Arthur, albeit one which she initiated herself. Accordingly, I believe that I am obligated to award her her costs (i.e., filing fees and service costs), but I have discretion as to the determination of attorneys' fees. I shall exercise that discretion to deny attorneys' fees for the reason stated in the foregoing paragraph.